(627 P.2d 1193)

No. 51,535

SHARON L. ORR, *Appellant,* v. HOLIDAY INNS, INC., TOPEKA INN MANAGEMENT, and HOLIDAY INN TOWERS, *Appellees.*

Opinion filed May 22, 1981.

*J. Roy Holliday, Jr.,* of Speer, Austin, Holliday, Lane & Ruddick, of Olathe, for the appellant.

*Daniel P. Hanson,* of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, for the appellees.

Before JUSTICE McFARLAND, presiding, SPENCER, J., and RON ROGG, Associate District Judge, assigned.

ROGG, J.: This case grew out of personal injuries received when appellant was assaulted, raped and sodomized on the premises of the Holiday Inn Towers in Kansas City, Kansas. Appellant brought an action for personal injuries on a negligence theory. Appellees interposed the defense that appellant's injuries were covered by the Kansas Workmen's Compensation Act, and thus an action on the theory of negligence did not lie. The trial court sustained appellees' motion for summary judgment based on the

pleadings, the deposition of appellant, and written interrogatories answered by appellees.

There are two issues to be considered by the court on appeal: (1) Did the trial court err as a matter of law in granting summary judgment on the issue of whether appellant's exclusive remedy was within the purview of the Kansas Workmen's Compensation Act? (2) Did the trial court err in determining from the undisputed facts available to it that appellant's injuries arose out of and in the course of her employment as defined by the Kansas Workmen's Compensation Act?

Since the adoption of our code of civil procedure, the appellate courts of this state have frequently stated the standard the trial court must follow in ruling on motions for summary judgment. The court should search the record and determine whether issues of material fact do exist. *Dugan v. First Nat'l Bank in Wichita,* 227 Kan. 201, 606 P.2d 1009 (1980).

The appellate court must examine the record in the light most favorable to the party defending against the motion for summary judgment. It should accept such party's allegation as true, and give that party the benefit of doubt when a party's assertions conflict with those of the movant. *Collier v. Operating Engineers Local Union No. 101,* 228 Kan. 52, Syl. ¶ 2, 612 P.2d 150 (1980).

Appellant contends the trial court erred in finding as an undisputed fact that appellant was employed by appellees. It is appropriate to note that the burden of proving employment falls on the appellees and not on the appellant. Unlike a claim for workmen's compensation where the claimant must establish the employment relationship, here the question of workmen's compensation coverage was raised by way of defense to the claim of appellant. The California case of *Doney v. Tambouratgis,* 23 Cal. 3d 91, 96-97, 151 Cal. Rptr. 347, 587 P.2d 1160 (1979), states:

"It has long been established in this jurisdiction that, generally speaking, a defendant in a civil action who claims to be one of that class of persons protected from an action at law by the provisions of the Workers' Compensation Act bears the burden of pleading and proving, as an affirmative defense to the action, the existence of the conditions of compensation set forth in the statute which are necessary to its application. . . . 'It is incumbent upon the employer to prove that the Workmen's Compensation Act is a bar to the employee's ordinary remedy.' "

In this case the petition contained no allegation indicating that an employment relationship existed between appellant and ap-

pellees, or that the injuries arose out of and in the course of employment. It was therefore appellees' responsibility to both plead and prove their relationship as employers of appellant, thus granting to them the protection of the workmen's compensation act. We have carefully reviewed the record before us, which contains all the record the trial court had at its disposal in determining the motion for summary judgment. Appellant's deposition indicated she worked at the "Holiday Inn." Deposition Exhibit No. 1 indicated appellant was employed at the Holiday Inn Towers. Appellees' answer admitted appellant was employed "by the defendants as a waitress in the cocktail lounge at said motel." It would seem the record supports the finding, at best, that appellant was employed "as a bartender in the Red Fox Lounge, located in defendants' hotel in Kansas City, Kansas." At no place in the record are appellees Holiday Inns, Inc., or Topeka Inn Management mentioned as employers of appellant.

To further confuse the issue of the relationship of appellees to each other and to appellant, the answers to interrogatories propounded to appellees indicated the real property where the incident occurred was owned by the Iowa Phoenix Corporation and leased to the Kansas Realty Development, Ltd., which in turn leased the premises to Kansas City Motor Hotels, Inc. Ronald Carver Ray managed the property where the incident occurred, under policies established by Topeka Inn Management.

The named defendants in this action were Holiday Inns, Inc., a Tennessee corporation; Topeka Inn Management, a Kansas corporation; and Holiday Inn Towers. The record does not support the trial court's finding that the various defendants are so related to appellant that they are protected from this suit by the workmen's compensation act. Summary judgment, therefore, was not appropriate on this issue.

Although the previous finding of the court determines the question of whether or not summary judgment should have been granted, the rulings of the court in terms of the further issues raised are in areas somewhat unique, and which have not been precisely determined in prior reported Kansas cases. We therefore wish to examine the court's findings in terms of the issue of whether summary judgment was proper on the question of the injury arising out of and in the course of the employment of appellant.

Since the workmen's compensation act is being used as an affirmative defense by appellees, it is useful to note its application here. In *Wilburn v. Boeing Airplane Co.*, 188 Kan. 722, Syl. ¶ 1, 366 P.2d 246 (1961), the general rule is stated:

"The workmen's compensation act is not to be construed liberally in favor of compensation when an injured workman seeks compensation—and construed strictly against compensation when he seeks to recover damages against his employer. In other words, the same rule and yardstick, as applied to the same facts, must govern—whether invoked by the employee or the employer."

Another general rule is that the workmen's compensation act should be liberally construed in favor of the workman and in favor of allowing compensation where it is reasonably possible to do so. *Odell v. Unified School District*, 206 Kan. 752, 756, 481 P.2d 974 (1971). The workmen's compensation act should be liberally interpreted then in such a way as to bring a workman under the act whether desirable or not for the specific individual's circumstance.

It would be helpful at this point to recite what we believe are the material undisputed facts which cover this issue. Appellant was employed to work in the cocktail lounge from 4:30 p.m. until 1:30 a.m. the night of the alleged assault, which occurred at approximately 10:00 p.m. in a restroom located across the hallway from the lounge, on the premises of the Holiday Inn Towers. Appellant's specific duties were to serve as a bartender and to mix drinks for the patrons of the lounge. Appellant's employment did not require her to dress in a distinctive fashion or uniform, carry large sums of money, be present at or frequent isolated or secluded areas of the building, deal with the general public, or deal with or evict unruly clientele. During appellant's hours of employment, she did not have any schedule of prearranged breaks, nor was it necessary for her to request permission to use the restroom. Appellant, when assaulted, was on a break and utilizing the restroom used by employees, guests and patrons of the motel. A separate employees' restroom had been furnished but, because of its condition, appellant had consistently utilized the public restroom. The motel in question is located in a dangerous and high-crime area of the city, which is especially dangerous at night. Appellant was aware of the dangers and was frightened to such an extent that she would not walk in that area of town at night without an escort. Appellant had never seen nor had any

prior association with her assailant, and there appeared to be no personal motivation for the assault.

The case of *Siebert v. Hoch,* 199 Kan. 299, 303-304, 428 P.2d 825 (1967), states the general law of Kansas as to when an accidental injury arises out of and in the course of employment:

"Our workmen's compensation act (K.S.A. 44-501) provides that in order to be compensable an accidental injury must arise 'out of' and 'in the course of' the employment. The two phrases have separate and distinct meanings (*Floro v. Ticehurst,* 147 Kan. 426, 76 P.2d 773, *Bailey v. Mosby Hotel Co.,* 160 Kan. 258, 160 P.2d 701); they are conjunctive and each condition must exist before compensation is allowable (*Pinkston v. Rice Motor Co.,* 180 Kan. 295, 303 P.2d 197, *Tompkins v. Rinner Construction Co.,* 194 Kan. 278, 398 P.2d 578); and as to when every case must be determined upon its own facts.

"The phrase 'in the course of' employment relates to the time, place and circumstances under which the accident occurred, and means the injury happened while the workman was at work in his employer's service (*Pinkston v. Rice Motor Co.,* supra).

"This court has had occasion many times to consider the phrase 'out of' the employment, and has stated that it points to the cause or origin of the accident and requires some causal connection between the accidental injury and the employment. Some of our decisions to this effect are: *Carney v. Hellar,* 155 Kan. 674, 127 P.2d 496; *Jones v. Lozier-Broderick & Gordon,* 160 Kan. 191, 160 P.2d 932; *Neal v. Boeing Airplane Co.,* 161 Kan. 322, 167 P.2d 643; *Hilyard v. Lohmann-Johnson Drilling Co.,* 168 Kan. 177, 211 P.2d 89; *Pinkston v. Rice Motor Co.,* supra; and *Bohanan v. Schlozman Ford, Inc.,* 188 Kan. 795, 366 P.2d 28.

"This general rule has been elaborated to the effect that an injury arises 'out of' employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury (see *Hudson v. Salina Country Club,* 148 Kan. 697, 84 P.2d 854; *Wilson v. Santa Fe Trail Transportation Co.,* 185 Kan. 725, 347 P.2d 235; *Rorabaugh v. General Mills,* 187 Kan. 363, 356 P.2d 796).

"An injury arises 'out of' employment if it arises out of the nature, conditions, obligations and incidents of the employment (*Bohanan v. Schlozman Ford, Inc.,* supra; *Geurian v. Kansas City Power & Light Co.,* 192 Kan. 589, 389 P.2d 782). In *Taber v. Tole Landscape Co.,* 181 Kan. 616, 313 P.2d 290, this court stated the foregoing tests exclude an injury not fairly traceable to the employment and not coming from a hazard to which the workman would have been equally exposed apart from the employment."

We have no difficulty in this case finding that the injury of the appellant occurred "in the course of" her employment. The use of a restroom during the time of her employment and at the place of her employment seems to easily put it within the meaning of that phrase.

The more difficult question is, did the injury of the appellant

arise "out of" her employment? A personal attack is obviously not part of the appellant's prescribed duties. Is her injury fairly traceable to her employment and is there a causal connection apparent to the rational mind because of the nature, conditions, obligations and incidents of the employment? We believe that the injury of this appellant does meet the test as previously set out by the court. Appellant was exposed to attack by virtue of being in a high-crime area at night for purposes of her employment. The general public was not so exposed. The general public must be viewed as a broader cross-section of the community than that group of people who happen to be in this dangerous area of the city at night.

Having considered the trial court's reasoning and findings concerning the issue of whether appellant's injury occurred in the course of and out of her employment, we must conclude that the trial court ruled correctly. When her employer is identified and determined, the defense of the exclusiveness of appellant's recourse under the workmen's compensation act is a defense to her action as to that employer or employers.

In view of the fact we find the case was not ripe for summary judgment because there was a controverted material fact as to who the employer of appellant was at the time of her injury, we reverse the trial court's finding on that basis alone, and remand the case for determination of who appellant's employer was and direct that summary judgment as to that employer be sustained. Any of the named defendants who is not an employer of appellant would not be entitled to claim the workmen's compensation act as a defense to appellant's claim.

McFARLAND, J., dissenting: I believe, under the present law of Kansas, appellant's injury did not arise out of her employment and is not compensable under the workmen's compensation act. I would therefore simply reverse the trial court's entry of summary judgment in favor of the appellees.

My rationale is this. Although not adopting the same by name, the Kansas Supreme Court applied the "increased-risk" test in permitting recovery in *Hensley v. Carl Graham Glass,* 226 Kan. 256, 597 P.2d 641 (1979). Under this test, to be compensable the injury must be caused by an increased risk to which the claimant, as distinct from the general public, was subjected by his employment. In *Hensley,* being employed on the roof of a building

increased the risk of injury by sniper fire over the street level general public's risk. Hence, the injury was compensable.

In the case at hand, appellant was injured by a sexual assault from a stranger in a public restroom. From the undisputed facts the attack was aimed at appellant only because she entered the restroom, and was wholly unrelated to any job-related duties. The restroom was not secluded and was located just off the lobby of a large metropolitan hotel near the dining room and cocktail bar. The facts are readily distinguished from cases wherein the injured female employee was required to work in a secluded area. Unless the positional-risk test is adopted and applied, the appellant's injury is not compensable. Kansas has not adopted this test. For a full discussion of the various tests, see 1 Larson's Workmen's Compensation Law § 6, p. 3-1 *et seq.* (1978).

I would reverse the summary judgment as to all defendants.