CONSOLIDATED PRODUCTS, INC.
d/b/a Steak 'n Shake, Appellant (Defendant),

v.

Sharon LAWRENCE, Appellee
(Plaintiff).

No. 29A02–8704–CV–132.

Court of Appeals of Indiana,
Second District.

April 25, 1988.

George E. Purdy, Wicker & Purdy, Greenwood, for appellant.

Lance D. Cline, Townsend Yosha & Cline, Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant-defendant Consolidated Products, Inc. d/b/a Steak 'n Shake (Steak 'n Shake) brings this interlocutory appeal from the trial court's denial of its motion for summary judgment in the negligence action brought by its employee appellee-plaintiff Sharon Lawrence (Sharon), claiming the exclusive remedy provision of the Indiana Workmen's Compensation Act

[hereinafter referred to as the Act] barred the negligence action.

We reverse.

## FACTS

The relevant undisputed facts are that on July 13, 1984, Sharon was employed as a waitress at Steak 'n Shake, located on Pendleton Pike in Indianapolis. At that time, Steak 'n Shake was a twenty-four hour restaurant, and owned by Consolidated Products, Inc. Consolidated Products leased the restaurant and surrounding property, including the parking lot.

On that date, Sharon was asked by a fellow employee, Sherri Unger (Sherri) if Sharon would work Sherri's 9:00 p.m. to 4:00 a.m. shift for her that evening. Sharon agreed to work the shift if Sherri would return at 4:00 a.m. to provide her with transportation home, to which Sherri agreed.

Sharon worked the late shift that evening without incident. Sherri returned to pick Sharon up a few minutes before the shift was over, and sat at the counter while waiting for Sharon. Shortly thereafter, Sharon's shift ended, and she joined Sherri at the counter. Both of them ordered milk shakes. Sherri received an employee discount while Sharon did not. The reason for this disparate treatment is not clear, but the record reveals various possibilities.

Before finishing the shakes, Sherri and Sharon decided to depart. They walked directly to Sherri's car, located east of the restaurant, in the parking lot. As Sharon waited at the passenger door of the car while Sherri unlocked the driver's door, she noticed a man sitting on the sidewalk by the front passenger side of the car. As she then attempted to enter the car, the man approached her with a knife, forced her into the car, and entered the car himself. He directed Sherri to drive to a secluded location, and thereafter robbed and repeatedly raped both Sherri and Sharon.

Steak 'n Shake filed a motion for summary judgment on September 26, 1986, claiming Sharon's action for damages was barred by the exclusive remedy provision of the Act. After oral argument, the trial court denied Steak 'n Shake's motion, finding that genuine issues of material fact precluded summary judgment. Pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(6), the denial of the motion was certified for interlocutory appeal.

## ISSUE

A single legal issue is certified for our review:

Whether the exclusive remedy provision of the Act is a bar to Sharon's tort action for damages against Steak 'n Shake for her abduction from Steak 'n Shake's premises?

## DECISION

PARTIES' CONTENTIONS—The parties are in agreement as to the relevant facts. Steak 'n Shake argues that the facts show that Sharon's injury from the assault arose out of and in the course of her employment at Steak 'n Shake and that she was therefore barred by Ind.Code 22-3-2-6 (1982) from bringing a tort action. Conversely, Sharon's argument is that her injury did not arise out of and in the course of her employment.

CONCLUSION—The trial court erred in denying Steak 'n Shake's motion for summary judgment, as the undisputed facts establish that Sharon's action for damages was barred by the Act.

Workmen's Compensation is designed to afford employees injured from accidents arising out of and in the course of employment an adequate and certain remedy against their employer. *Martin v. Powell* (1985), Ind.App., 477 N.E.2d 943, *trans. dismissed; O'Dell v. State Farm Mut. Auto. Ins. Co.* (1977), 173 Ind.App. 106, 362 N.E.2d 862. A logical corollary of this policy is found in IC 22-3-2-6:

"The rights and remedies granted to an employee subject to IC 22-3-2 through IC 22-3-6 on account of personal injury or death *by accident shall exclude all other rights and remedies of such employee,* his personal representatives, dependents or next of kin, at common law

or otherwise, on account of such injury or death...." (Emphasis supplied).

The Indiana Supreme Court in *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969, unmistakably held that IC 22–3–2–6 excludes "all rights and remedies of an employee against his employer for personal injury or death if the following three statutory jurisdictional prerequisites are met:

A. personal injury or death by accident;
B. personal injury or death arising out of employment;
C. personal injury or death arising in the course of employment."

*Id.* at 973. Reversal is warranted here if the undisputed facts afford a single inference which supports liability under the Act. *See Clem v. Steveco, Inc.* (1983), Ind.App., 450 N.E.2d 550; *O'Dell, supra.*

There is no question, as Sharon concedes, that her injuries occurred by accident. *See Appellee's Brief* at 8; *see also Evans, supra* ("accident" means unexpected injury or death). Thus, Steak 'n Shake has overcome its first hurdle.

■ For an injury to "arise out of" the employment, a causal relationship between the employment and the injury must be established. *Evans, supra; Blaw–Knox Foundry & Mill Mach., Inc. v. Dacus* (1987), Ind.App., 505 N.E.2d 101, *trans. denied* (Sullivan, J. dissenting). This causal nexus is shown when "the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the work." *Blaw–Knox, supra,* at 102; *see also Prater v. Indiana Briquetting Corp.* (1969), 253 Ind. 83, 251 N.E.2d 810. Previously, this court has looked to whether the risk of injury to which the employee was exposed was increased by the reason of employment. *See Segally v. Ancerys* (1985), Ind.App., 486 N.E.2d 578; *United States Steel Corp. v. Brown* (1967), 142 Ind.App. 18, 231 N.E.2d 839, *trans. denied* (court concluded that risk to appellee of being struck by an automobile while walking to the bus stop after work was increased by her employment as she could not be employed unless she traveled to the place of employment).

■ Here, the undisputed facts lead to the single inference that Sharon's injury arose out of her employment. Sharon agreed to work Sherri's late shift, and was therefore required to work late at night. The neighborhood surrounding the Steak 'n Shake restaurant consisted of many bars, and was generally considered by the employees to be an unsafe area. *Unger Deposition* at 172; *Lawrence Deposition* at 39; *Corley Deposition* at 68. Although Sharon normally walked from her home to Steak 'n Shake to work her normal day shift, she would not agree to work this night shift unless Sherri provided her with transportation home. *Lawrence Deposition* at 74. It is reasonable to conclude that Sharon, a female who had to enter a parking lot in the early morning hours in a relatively unsafe location in order to go home, was exposed to a greater risk than those not working a late night shift, or those working in a different location or job. The time or place of employment can increase the risk of injury to various employees, especially those working late at night or in a dangerous locality. *See* A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 11.11(b) (1985).

Thus, the risk of harm from the assault was incident to Sharon's employment on the late night in question. *See Skinner v. Martin* (1983), Ind.App., 455 N.E.2d 1168 (causal relationship between employment and injury established when the assault on employee by co-worker on coffee break arose out of a risk which a reasonably prudent person could comprehend as incidental to the work); *Clem, supra* (injury occurring at convenience store in late night hours arose out of the employment when an assault could be reasonably anticipated because of the nature of the work).

Although Sharon argues that this conclusion forces us to adopt a "positional risk doctrine" as opposed to an "increased risk" or "actual risk" doctrine,[1] we need not pi-

1. *See* A. LARSON, *supra,* at § 6.30 to .60 for the definition of three tests sometimes used by courts to determine whether an injury arises out of the employment. Commentators point to the

geonhole our result in one of these catagories.

■ For an injury to arise "in the course of" employment, we refer to the time, place, and circumstances under which the accident occurred. *Blaw–Knox, supra; Skinner, supra.* In addition to encompassing accidents occurring while an employee is working on the employer's premises and fulfilling duties of his employment, it also includes accidents occurring incidental to employment. *See Blaw–Knox, supra; Wayne Adams Buick, Inc. v. Ference* (1981), Ind.App., 421 N.E.2d 733, *trans. denied.* Injuries received before and after work, and in employer-controlled parking lots may also fall within the course of employment. *See Evans, supra; Blaw–Knox, supra; O'Dell, supra, Ward v. Tillman* (1979), 179 Ind.App. 626, 386 N.E.2d 1003.

■ Sharon was in the course of employment when the assault occurred. Her injuries were incidental to her employment. She left the restaurant shortly after her shift ended and walked directly to Sherri's car located in Steak 'n Shake's parking lot where the abduction took place. These facts fall within other Indiana cases finding that an injury occurring during an employee's departure from work in a parking lot occurs in the course of employment. *See Blaw–Knox, supra* (employee receiving fatal wound by an assailant in employee parking lot died in the course of his employment); *Ward, supra* (employee's action against employer was barred by the Act when injury-producing collision occurred in employer's parking lot and was in the course of employment).

We do not consider compelling Sharon's argument that the purchase of a shake by Sharon after work, and without receiving an employee discount, evidenced that she had become a customer of Steak 'n Shake and was no longer an employee. Even though this activity was clearly not a part of Sharon's duty as a waitress, she may still be in the course of employment if, "in view of the nature of the employment environment, the characteristics of human nature, and the customs or practices of the particular employment, the activity is in fact an inherent part of the conditions of that employment." *Lona v. Sosa* (1981), Ind.App., 420 N.E.2d 890, 894, *trans. denied.* There existed a pattern of permitting employees at Steak 'n Shake to have food or refreshments before and after work and on their breaks. *Faulkner Deposition* at 168. The ordering of food or drink by an employee while not "on the clock" appeared to be an ordinary part of employment at Steak 'n Shake. The brief stop for a shake did not remove Sharon from her employee status.

Our resolution is consistent with the conclusion reached by our supreme court in *Evans, supra.* Oscar Evans, an employee of the defendant Yankeetown Dock Corp., was shot to death by an insane co-employee while drinking coffee in an employee-designated gathering area and before he reported to his station to begin work. The Court concluded that Evans' death occurred by accident and arose out of and in the course of his employment, and that a wrongful death action against the employer was barred by the Act. *Id.*

Although not essential to our decision that Sharon's injuries arose out of and in the course of her employment, cases from other jurisdictions cited by Steak 'n Shake buttress our conclusion. In *Jenkins v. Wilson* (1981), Fla.Dist.Ct.App., 397 So.2d 773, the appellate court affirmed the awarding of workmen's compensation, finding that the employee's injuries from an assault occurring in an employer's parking lot arose in the course of and out of her employment. The court reasoned that the nature of her employment caused her to work late on that afternoon and to be alone in a parking lot at a later hour, thus making her more susceptible to an attack. *Id.* The Kansas Court of Appeals, although finding a general issue of material fact as to the identity of the employee's employer on the date in question, held that an employee's suit against her employer was

positional risk test as the more sensible and workable one of the three. *See* A. LARSON, *supra,* at § 6.50, § 11.40; B. SMALL, SMALL'S WORKMEN'S COMPENSATION LAW OF INDIANA, § 6.2 (Supp.1976).

barred by the exclusive remedy of the Workmen's Compensation Act. *Orr v. Holiday Inns, Inc.* (1981), 6 Kan.App.2d 335, 627 P.2d 1193. The employee in *Orr* was assaulted by an unknown assailant while she was on break in the restroom of the hotel where she worked. The court concluded that she was harmed in the course of her employment and that her injury arose out of her employment because she was working in a high-crime area that night as required by her employment. *Id.* The Court of Appeals in *Zahn v. Associated Dry Goods Corp.* (1983), Mo.App., 655 S.W.2d 769, affirmed the trial court's dismissal of the employee's suit based on the exclusivity provision of the worker's compensation law. The employee was assaulted as she entered an elevator lobby after her shift as waitress ended and she made her way home. The court concluded that she was injured in the course of and out of her employment because her accident occurred on the employer's premises and a reasonable length of time after she had clocked out. *Id.* The fact that the employee stopped at a dress department on her way to the garage did not prevent her from being in the course of employment.

So we conclude Sharon was injured by an accident occurring in the course of and arising out of her employment with Steak 'n Shake, and her tort action against Steak 'n Shake is barred by IC 22–3–2–6.

The trial court's denial of Steak 'n Shake's motion for summary judgment is reversed, and the trial court is instructed to enter judgment for Steak 'n Shake.

SHIELDS, P.J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

For the reasons set forth in my dissent in *Blaw–Knox Foundry & Mill Machinery, Inc. v. Dacus* (1987) 2d Dist. Ind.App., 505 N.E.2d 101, 103, I dissent.

I would affirm the denial of Steak 'n Shake's motion for summary judgment and would remand for further proceedings.