WITHERSPOON v. SALM, EXECUTOR.

[No. 169S21. On petition to transfer filed January 28, 1969.]

*Iglehart & Hewins, James D. Lopp, John H. Jennings,* and *Lockyear & Lockyear,* all of Evansville, for appellant.

*Matthews & Warrum, Warren and Combs,* and *W. C. Welborn,* all of Evansville, for appellee.

PER CURIAM.—This matter came to this court on a petition to transfer, and this court has taken the case on transfer.

Appellant Estelle Witherspoon brought her original action against the appellee, Jerome L. Salm, Executor of the Last Will and Testament and Estate of Herman Salm, Deceased, for personal injuries, loss of wages and damages sustained by appellant, while appellant was a passenger in an automobile accident in Crittenden County, State of Kentucky, on the 9th day of January, 1952. At the time of the collision appellant was within the scope of her employment and her injuries arose out of and during the course of her employment for Salm's, Incorporated. As a result of an agreement filed with the Industrial Board of the State of Indiana workmen's compensation benefits were paid to appellant.

The cause of action arose on January 9, 1952. The decedent, Herman Salm, died on January 10, 1952. Claimant filed her claim in this action October 2, 1952. The transcript,

consisting of some 232 pages, consists mainly of the pleadings of the parties, amendments to the complaint, and demurrers.

The only question which we deem it necessary to address ourselves to on appeal concerns the amended third paragraph of defendant's amended answer and plaintiff's response thereto. This amended third paragraph of the amended answer alleged that Herman Salm was the president, director, officer and manager of said employer, Salm's, Incorporated, and that because of his relationship to the company was exempt from the personal liability under the provisions of Burns' Ind. Stat. § 40-1205. The Plaintiff-appellant demurred to this paragraph of the amended answer on the ground that it did not state facts sufficient to constitute a defense to said claim. The trial court overruled the demurrer and ruled that the plaintiff must reply to the amended answer.

Thereafter, the plaintiff-appellant refused to amend or plead further, admitting therefore, the facts as alleged, and the court entered the following judgment:

"It is therefore considered, ordered and adjudged by the court that the plaintiff take nothing by way of her complaint, and that the defendant be discharged and recover its costs herein."

Does the Indiana Workmen's Compensation Act bar the plaintiff's suit against the personal estate of the deceased? Burns' § 40-1205, *supra,* reads in part: ". . . he or those conducting his business (and his Workmen's Compensation insurance carrier) shall be liable to any employee and his dependents for personal injury or death by accident arising out of and in the course of employment only to the extent and in the manner herein specified."

The applicable section of Burns' § 40-1213, *supra,* reads: "Whenever an injury or death for which compensation is payable under this act shall have been sustained under cir-

cumstances creating in some other person than the employer (and not in the same employ) a legal liability to pay damages in respect thereto, the injured employee, or his dependents in case of death may commence legal proceedings against such other person to recover damages notwithstanding such employer's . . . payment of or liability to pay compensation under this act." Was the deceased Herman Salm included in the phrase "those conducting his business" and therefore would he be free from personal liability or included in the category "some person other than the employer" and therefore personally liable for the injuries inflicted upon Mrs. Witherspoon?

This is a novel question in the State of Indiana. A case with facts strikingly similar to the case on appeal is *Warner* v. *Leder* (1952), 234 N. C. 727, 69 S. E. 2d 6. *Warner, supra,* involved a plaintiff who was injured while riding in a fellow employee's automobile, both North Carolina residents, in a foreign state, South Carolina, while on a business trip for the parties' employer. Plaintiff applied for and received benefits under the Workmen's Compensation Act. Plaintiff then tried to sue the defendant personally. North Carolina Statute G. S. § 97-9 limits the liability of the employer "or those conducting his business" to the payment of such sums as may be due under the provisions of the Workmen's Compensation Act, and says: ". . . Provided, however, that in any case where such an employee . . . may have the right to recover damages for such injury . . . from any person other than the employer, compensation shall be paid in accordance with the provisions of this chapter. In deciding the case Justice Denny of the Supreme Court of North Carolina set forth: "We hold that an officer or agent of a corporation who is acting within the scope of his authority for and on behalf of the corporation, and whose acts are such as to render the corporation liable therefore, is among those conducting the business of the corporation, within the purview of G. S. § 97-9 and entitled to the immunity it gives; (citing cases) and that the provision

of G. S. § 97-10 which gives the injured employee or his personal representative "a right to recover damages for such injury, loss of service, or death from any person other than the employer," means any other person or party who is a stranger to the employment but whose negligence contributed to the injury. We hold that such provision does not authorize the injured employee to maintain an action at common law against those conducting the business of the employer whose negligence caused the injury." *Warner* v. *Leder, supra.*

The statute in the *Warner* case, *supra,* is similar to the statute in Indiana. While the holding is not controlling in this state, nevertheless, with the similarity of the statute, it is indeed a guide in formulating our opinion. "It is a general rule of law that, where a question of statutory construction is one of novel impression, it is proper to resort to decisions of courts of other states construing statutory language which is identical or of a similar import. Indeed, it is highly desirable that a statute be given a similar interpretation by the several states wherein it is in force." 50 Am. Jur., *Statutes* § 323.

From the facts and the record it is our conclusion that Herman Salm came within the statute and was immune from personal suit under the phrase "person conducting his business." Burns' § 40-1205, *supra.* The plaintiff, therefore, was limited in recovery to the benefits she received under the Workmen's Compensation Act.

Once the necessary employment contract is found between plaintiff and defendant's corporation, the provisions of the Workmen's Compensation Act take over and the situs of the accident becomes immaterial; having elected to accept the act, every provision thereof becomes a part of the contract of service. By the terms of the statute the elements of tort are eliminated; all remedies at common law or otherwise are excluded; and the employee's right to compensation arises out of the contract. This right, being contractual, accompanies the employee wherever he goes and abides with

him until the contract of service is terminated. *Carl Hagenbeck, etc. & Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531.

Under our holding in this case the question of what statute of limitations applies and which state's, Indiana or Kentucky, substantive law applies, are not involved in this case.

For this reason we feel that the trial court correctly overruled plaintiff-appellant's demurrer to defendant-appellee's affirmative answer. The Appellate Court committed error in overruling the trial court, and granting the plaintiff-appellant leave to amend her complaint. The judgment of the Appellate Court is reversed, and the judgment of the trial court is affirmed.

Arterburn, J., not participating.

NOTE.—Reported in 243 N. E. 2d 876.