**Duane JACKSON, Appellant (Plaintiff Below),**

v.

**Earl W. GIBSON, Individually and Earl W. Gibson, as Trustee, Appellee (Defendant Below).**

No. 2-278A43.

Court of Appeals of Indiana, Fourth District.

Sept. 25, 1980.

Rehearing Denied Nov. 12, 1980.

Michael S. Miller, Sutherlin, Kennedy & Miller, Indianapolis, for appellant.

Michael A. Bergin, Locke, Reynolds, Boyd & Weisell, Indianapolis, for appellee.

YOUNG, Presiding Judge.

Appellant plaintiff Duane Jackson appeals from the entry of judgment in favor of appellee defendant Earl Gibson. We affirm.

Duane Jackson was employed by Sun Realty Company, Inc. as a custodian. He was

injured while performing his duties as custodian at a building owned by Earl Gibson. Earl Gibson was also the sole shareholder of Sun Realty and the president, resident agent and manager of the corporation. There is no dispute that the injury resulted from an accident arising out of and in the course of employment. Therefore, the Workmen's Compensation Act was applicable. Jackson has entered a settlement agreement pursuant to which he is receiving benefits under the Act. However, Jackson brings this negligence action against Gibson maintaining that Gibson is liable in a capacity other than by reason of an employee–employer relationship. He asserts these claims pursuant to Ind.Code 22-3-2-13 which states in part:

"Whenever an injury . . . for which compensation is payable . . . shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee . . . may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation . . . ."

The theories on which Jackson bases his claim sound of premises liability and operation of an ultrahazardous activity. Gibson contends that Jackson's injuries arose out of and in the course of employment, and compensation under the Act is exclusive. Ind. Code 22-3-2-6.

The trial court found that the facts were not in dispute and that it lacked jurisdiction of the subject matter because Gibson and Jackson were jointly employed and Gibson may not be held liable other than under the Act.

Generally, the rights and remedies granted to an employee by the Act on account of personal injury exclude all other rights and remedies of such employee at common law or otherwise because of such injury. Ind.Code 22-3-2-6. An exception is created which allows proceedings to be brought against some person other than the employer or one in the same employ in which a legal liability was created by an injury compensable under the Act. Ind. Code 22-3-2-13 (quoted in part above). In creating this exception the Legislature clearly limited the possibility of bringing suit against persons to those *other than* the employer or fellow employees. Each employer who is bound by the compensation provisions of the Act is required to carry insurance to insure payment of compensation to the employees. The employer, or those conducting his business, shall be liable to an employee for injury caused by accident arising out of and in the course of employment only to the extent set out in the Act. Ind.Code 22-3-2-5.

Two factually similar cases cited by appellee as controlling are *Needham v. Fred's Frozen Foods, Inc.,* (1977) Ind.App., 359 N.E.2d 544, and *Kottis v. United States Steel Corp.,* (7th Cir. 1976) 543 F.2d 22. In *Kottis,* an employee of U.S. Steel was killed in an accident that arose out of and in the course of his employment. His dependents were compensated under the Act. The administratrix of Kottis' estate brought an action against the employer to recover damages under a dual capacity theory. She argued U.S. Steel was not only Kottis' employer, but was also the owner of the land and the manufacturer of the crane on which the accident occurred. She contends that in these capacities, *other duties were owed* the decedent based upon theories of premises liability and product liability. Basing her argument on Ind.Code 22-3-2-13, she contended that this provision should be interpreted to permit an action against *the employer* when there is a capacity or a relationship to the employee other than employer. The United States Court of Appeals, Seventh Circuit, held that this was not consistent with the statute "which abrogates 'all other rights and remedies . . . at common law or otherwise, on account of

such injury or death' except those against 'some other person than the employer not in the same employ.'" The court correctly affirmed the summary judgment for the employer. Similarly in *Needham* an employee brought suit against *his employer* in a capacity other than as employer. Needham was injured by an accident arising out of and in the course of his employment. He asserted that an employee covered by the Act may sue his employer not as employer but in the capacity of a manufacturer of a defective product. Judge Sullivan adopted the reasoning of *Kottis* and held it dispositive of the appeal. Both of these cases reject the "dual–capacity" doctrine. See Utken, *Workmen's Compensation, Survey of Recent Development in Indiana Law*, 11 Ind.L.Rev. 340.

■ However, our case is different in an important aspect. Jackson was employed by Sun Realty, Inc. He is bringing suit against Gibson, the owner of the land on which he was injured. Sun Realty, Inc. did not own the land. Earl Gibson was the sole shareholder of Sun Realty Co., Inc. On this basis there are two different entities, Gibson an individual and landowner, and the corporation. This is not a "dual–capacity" situation. Cf. *Ross v. Schubert*, (1979) Ind. App., 388 N.E.2d 623, 630 n. 12.

A similar case to the one at hand is *Witherspoon v. Salm*, (1969) 251 Ind. 575, 243 N.E.2d 876. In *Witherspoon*, the plaintiff was injured in an auto accident at the time of which she was within the scope of her employment. The car was driven by Herman Salm who was also the president, director, officer and manager of plaintiff's employer, Salm's Incorporated. See *Witherspoon v. Salm*, (1968) 142 Ind.App. 655, 237 N.E.2d 116, 119, transfer granted at 251 Ind. 575, 243 N.E.2d 876. Compensation benefits were paid under the Act. Plaintiff sued Herman Salm in his individual capacity on a negligence theory. The supreme court held Herman Salm was immune from personal suit "under the phrase 'person con-

ducting his [employer's] business'" of Ind. Code 22–3–2–5. 243 N.E.2d at 878. The supreme court held the president, director, officer and manager of the corporation was a person conducting the business of the employer. The court quoted from a North Carolina Supreme Court decision wherein the determination of who was conducting the business of the employer was at issue.

We hold that an officer or agent of a corporation who is acting within the scope of his authority for and on behalf of the corporation, and whose acts are such as to render the corporation liable therefor, is among those conducting the business of the corporation, within the purview of [North Carolina Workmen's Compensation Act] and entitled to the immunity it gives; (citing cases) and that the provision of [North Carolina Workmen's Compensation Act] which gives the injured employee or his personal representative 'right to recover damages for such injury, loss of service, or death from any person other than the employer,' means any other person or party who is a stranger to the employment but whose negligence contributed to the injury. And we further hold that such provision does not authorize the injured employee to maintain an action at common law against those conducting the business of the employer whose negligence caused the injury.

243 N.E.2d at 878.

In our case Gibson, president of Sun Realty, Inc. was supervising or directing the work of Jackson, an employee of the corporation. *Witherspoon* requires us to hold that a president–manager–director is within the group of persons conducting the business of the employer, the corporation. Giving the statutory language its plain ordinary meaning, persons conducting the business of the employer are liable only as set out in the Act. Appellant would have us, notwithstanding that limit of liability, hold Gibson could be liable as landowner, a separate entity. Although the argument is per-

suasive, the Act will not permit us to so find.[1]

The trial court correctly dismissed the case for lack of subject matter jurisdiction. *See Harshman v. Union City Body Co.,* (1938) 105 Ind.App. 36, 13 N.E.2d 353.

Affirmed.

CHIPMAN and MILLER, JJ., concur.

1. The language of the Act in this regard is not in need of construction, especially in light of *Witherspoon v. Salm,* (1969) 251 Ind. 575, 243 N.E.2d 876. *Compare Ross v. Schubert,* (1979) Ind.App., 388 N.E.2d 623. Had the landowner been someone other than Gibson and a stranger to the employment, there is no question that these provisions (Ind.Code 22–3–2–5 and 13) would not foreclose the bringing of a suit.