**Bob C. RODGERS,
Defendant–Appellant,**

v.

**Connie HEMBD, John Hembd,
Plaintiffs–Appellees.**

No. 82A01–8709–CV–215.

Court of Appeals of Indiana,
First District.

Feb. 9, 1988.

Donald R. Wright, Wright, Evans & Daly, Evansville, for defendant-appellant.

Robert John, Robert John & Associates, Evansville, for plaintiffs-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Bob C. Rodgers (Rodgers), appeals a judgment based upon an adverse jury verdict rendered in the Vanderburgh Circuit Court in favor of plaintiff-appellees, Connie Hembd (Hembd) and John Hembd, her husband, in her suit for personal injuries and his suit for loss of consortium.

We reverse.

## STATEMENT OF THE FACTS

Rodgers is a licensed architect. Commencing January 1, 1978, and continuing at all times relevant here, he was the vice-president of design and construction for the Darryl's Restaurant Division of the General Mills Restaurant Group (Darryl's), which owned and operated a Darryl's Restaurant in Evansville, Indiana. He was also a member of the executive committee of the design and construction department. Although he had been formerly in the private practice of architecture, he no longer pursued that practice after coming to Darryl's. Hembd concedes that at the time of the injury both she and Rodgers were employees of Darryl's. Because his status with Darryl's had not changed, we must assume that Rodgers was also an employee when the Evansville restaurant was built in 1982 or 1983. Rodgers designed the Evansville restaurant and the plans were approved by the corporation, and also by the public authorities as required by Indiana law.

Hembd started working as a waitress at Darryl's in Evansville in January, 1984. On June 13, 1984, while in the course of her employment, she descended a stairway from a second story storage room which terminated at a landing. On the right side of the landing, at a right angle to the stairs, there existed a door leading from the kitchen and opening into the landing. As she stepped onto the landing from the last step, another employee abruptly burst through the kitchen door striking Hembd and injuring her. She brought suit against Rodgers alleging that the design of the stairway, landing, and door were defective, and that the plans did not comply with the applicable building code.

Rodger's defense, among others, was that the Indiana Workmen's Compensation Act afforded Hembd an exclusive remedy. Hembd prevailed at trial and was awarded judgment in the amount of $15,000.00.

## ISSUE

██ Rodgers presents a number of issues. Because we reverse, we will discuss only that issue which is dispositive, namely whether the Workmen's Compensation Act is Hembd's exclusive remedy.

## DISCUSSION AND DECISION

IND. CODE 22-3-6-1(b) provides:

"Employee" means every person, including a minor, in the service of another, under any control of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business occupation or profession of the employer.

(1) An elective officer elected or appointed and empowered in accordance with the charter and bylaws of a corporation ... is an employee of the corporation under IND. CODE 22-3-2, through IND. CODE 22-3-6.

In *In re Boyer* (1917), 65 Ind.App. 408, 411, 117 N.E. 507, 508, the court said:

It is manifest that the purpose of the act was to include within its benefit employees in all industrial pursuits except those expressly mentioned in the exception proviso.

Under IND. CODE 22-3-2-6 an employee's remedy under the Workmen's Compensation Act is exclusive. However, where the injury to the employee is caused by some person other than the employer and not in the same employment, the employee may pursue a separate cause of action against that third person under IND. CODE 22-3-2-13. A fellow employee is given immunity under IND. CODE 22-3-2-6 if the act causing the injury arose out of and was incidental to the employment. *Martin v. Powell* (1985), Ind.App., 477 N.E. 2d 943; *Skinner v. Martin* (1983), Ind. App., 455 N.E.2d 1168. Hembd argues that Rodgers has third-party status, but Rodgers argues that he is an officer and employee of the corporation and therefore is immune under the fellow employee rule.

Hembd bases her argument upon *Ross v. Schubert* (1979), 180 Ind.App. 402, 388 N.E. 2d 623. That case involved a malpractice action by Ross, an employee of International Harvester Company, against physicians employed by the company on a part-time basis in a clinic operated by the company upon its premises. The court held that a physician was not immune under the fellow employee rule from a suit for damages. In its opinion the court relied upon *Seaton v. United States Rubber Co.* (1945), 223 Ind. 404, 61 N.E.2d 177, which also involved a malpractice action against a company physician. The rationale for both cases was that because of the professional status of the physician, the corporation exercised no control over him, citing *Iterman v. Baker* (1938), 214 Ind. 308, 15 N.E.2d 365. Therefore, the physician was a third party within the contemplation of the Workmen's Compensation Act whether hired by the company or not. *Iterman* advanced the rationale that because the statutes of this state did not affirmatively permit a corporation to practice medicine, a public policy existed which did not permit a corporation to be liable vicariously for the negligent acts of physicians in its employment. *Iterman* was distinguished in *Sloan v. Metropolitan Health Council of Indianapolis, Inc.* (1987), Ind.App., 516 N.E.2d 1104, noting that because of the enactment of the Professional Corporation Act, IND. CODE 23-1.5-1-8 to -5-2, permitting corporations to practice medicine, the public policy announced in *Iterman* no longer existed. The cases of *Estate of Mathes v. Ireland* (1981), Ind.App., 419 N.E.2d 782, *trans. denied,* and *Birt v. St. Mary Mercy Hospital of Gary, Inc.* (1977), 175 Ind.App. 32, 370 N.E.2d 379 indicate a similar departure from *Iterman.*

We believe that the resolution of this case revolves around three cases: *Witherspoon v. Salm* (1969), 251 Ind. 575, 243 N.E.2d 876; *Jackson v. Gibson* (1980), Ind. App., 409 N.E.2d 1236; and *Needham v. Fred's Frozen Foods, Inc.* (1977), 171 Ind. App. 671, 359 N.E.2d 544.

In *Witherspoon,* a corporation employee was injured in the course of her employment while riding as a passenger in an automobile operated by the president, director, and manager of the corporation. After receiving workmen's compensation, the employee brought an action against the

president-driver for negligence in causing her injuries. After noting the language in IND. CODE 22–3–2–13 regarding persons conducting their employer's business, the supreme court, quoting from a North Carolina case, said:

> We hold that an officer or agent of a corporation who is acting within the scope of his authority for and on behalf of the corporation, and whose acts are such as to render the corporation liable therefor, is among those conducting the business of the corporation, within the purview of [North Carolina Workmen's Compensation Act] and entitled to the immunity it gives, (citing cases) and that the provision of [North Carolina Workmen's Compensation Act] which gives the injured employee or his personal representative 'right to recover damages for such injury, loss of service, or death from any person other than the employer,' means any other person or party who is a stranger to the employment but whose negligence contributed to the injury. And we further hold that such provision does not authorize the injured employee to maintain an action at common law against those conducting the business of the employer whose negligence caused the injury.

243 N.E.2d at 878. The court adopted the language of the North Carolina case and denied recovery.

In *Needham,* an employee of Frozen Foods was injured while cleaning a cooker which was also designed, manufactured, and installed by Frozen Foods. The employee argued that he was not barred by the exclusive remedy provision in the Workmen's Compensation Act. He argued that he could bring a civil suit against Frozen Foods, not as his employer, but as the designer and manufacturer of a defective product. He advanced a "dual-capacity" theory by which liability could be imposed upon Frozen Foods in its capacity as a third-party manufacturer. The court rejected the dual-capacity theory and held that workmen's compensation was the employee's exclusive remedy.

*Jackson* involved a variation of the dual-capacity theory. There, the employee, a custodian employed by a corporation, was injured in the building in which the corporation was located during the course of his employment. The building was owned individually by Gibson who was the president, resident agent, manager, and sole shareholder of the corporation. After receiving workmen's compensation, the employee brought an action against Gibson, claiming that he was a third party, on a theory sounding in premises negligence. Citing *Witherspoon, Needham,* and *Kottis v. United States Steel Corp.* (7th Cir.1976), 543 F.2d 22, the court denied recovery holding that workmen's compensation was Jackson's exclusive remedy. Rejecting the dual-capacity or third-party argument, the court held that an injured employee could not sue an officer or fellow employee individually. The court concluded:

> In our case Gibson, president of Sun Realty, Inc. was supervising or directing the work of Jackson, an employee of the corporation. *Witherspoon* requires us to hold that a president-manager-director is within the group of persons conducting the business of the employer, the corporation. Giving the statutory language its plain ordinary meaning, persons conducting the business of the employer are liable only as set out in the Act. Appellant would have us, notwithstanding that limit of liability, hold Gibson could be liable as landowner, a separate entity. Although the argument is persuasive, the Act will not permit us to so find.

409 N.E.2d at 1238–39. Consequently, an officer of a corporation is an employee and is entitled to immunity under the fellow employee rule regardless of his dual capacity. All employees, not expressly excluded by the exception provision, are entitled to the benefits, as well as the protection, of the act. The decision in *Ross* has been seriously eroded by the Professional Corporation Act, *Sloan, supra, Estate of Mathes, supra, Birt, supra.*

The final question is whether an architect who is also an officer and employee of a corporation, is immune from liability. As stated in *Witherspoon,* if an officer's acts are such that they can render a corporation

vicariously liable, then that officer is entitled to immunity. No authority has been presented solely applicable to architects. However, we note that unlike the physician cases, when an architect prepares plans they must be approved by the owner and a number of public bodies before the plans are implemented and the building is built. Therefore, control is exercised over an architect. In addition, there are numerous cases which hold that the State of Indiana and local governmental entities can be liable vicariously for defects in the design of highways. *State v. Edgman* (1983), Ind. App., 447 N.E.2d 1091; *City of Indianapolis v. Swanson* (1982), Ind.App., 436 N.E.2d 1179, *trans. granted* (for other reasons); *State v. Thompson* (1979), 179 Ind.App. 227, 385 N.E.2d 198; *Indiana State Highway Comm'n v. Clark* (1978), 175 Ind.App. 358, 371 N.E.2d 1323; and *Elliott v. State* (1976), 168 Ind.App. 210, 342 N.E.2d 674.

Highway designs are prepared by engineers and consultants of the highway department and approved by the public bodies. Nevertheless, design defects can render the public body liable vicariously. Thus, under the *Witherspoon* rationale and highway cases, because an engineer can render his employer liable vicariously for his design defects, he is immune from personal suit by a fellow employee. No material difference exists between a design by an engineer and a design by an architect. We further note that *Needham* involved a design which obviously would have been done by an engineer, but that did not remove the case from the fellow employee rule.

We are of the opinion that Rodgers is immune from liability from suits by Hembd, a fellow employee. This cause is reversed and the trial court is directed to enter judgment for Rodgers.

Judgment reversed.

RATLIFF, C.J., and MILLER, P.J. concur.