## CIRCUIT COURT OF FAIRFAX COUNTY

Edsel C. Brown et al.

v.

Lewis E. Alger, Jr., et al.

### Case No. (Law) 96049

BY JUDGE MARCUS D. WILLIAMS

### July 24, 1992

This case comes before the Court on Defendants' Pleas in Bar. The matter was heard *ore tenus* on June 18, 1992. The Court took the Pleas in Bar under advisement to consider more fully the issues presented. This case arose from a construction-site accident that led to the death of Ricky C. Brown. On October 3, 1988, Mr. Brown was assisting in moving a piece of equipment into the partially constructed warehouse and offices of his employer, HVAC Systems of Virginia, Inc. (hereinafter "HVAC")[1], when certain roof trusses collapsed and fell upon Mr. Brown, crushing him to death.

Mr. Brown was employed by HVAC as an electrical aide. The sole shareholders, officers, and directors of HVAC are defendants Donald Fields and Margaret Fields. Defendant Margaret Fields is also the owner and trustee of the property located at 7905 Kincannon Place, Lorton, Fairfax County, Virginia ("the property"), where HVAC's new facilities were being built. HVAC is the lessee of the property under two lease agreements, one dated May 1, 1989, and an undated lease agreement apparently entered into prior to May 1, 1989. *See* Plaintiff's

---

[1] The Court finds that there is no substantive difference between HVAC Systems, Inc., of Virginia, HVAC Systems, Inc., or any other pseudonym used by HVAC.

Exhibits Nos. 11 and 12. HVAC had contracted with defendant Alger Brothers Construction Company to perform certain carpentry work, including erecting the roof trusses in question.

The Court must determine whether the Workers' Compensation Act bars Mr. Brown's common law actions. Defendants claim that HVAC was working as general contractor and assert that that fact is dispositive. Plaintiffs, on the other hand, argue that HVAC was no more than a lessee and argue further that, notwithstanding a finding that HVAC was acting as general contractor, their claims are not barred if Mr. Brown was a stranger to the work. The issues, therefore, are: whether HVAC was a general contractor; whether, to come under the bar of the Workers' Compensation Act, an employee must have been working within the scope of his employment at the time of his injury; and whether Mr. Brown was working within the scope of his employment when the trusses fell upon him.

The Court finds that HVAC was the general contractor at the property, acting on behalf of Margaret Fields, Trustee, the owner.

Defendant's Exhibit No. 3 is a June 16, 1988, notarized statement from Margaret Fields, as Trustee for the Hill Top Industrial Park, giving HVAC the essential rights and responsibilities consistent with that of a general contractor. The notarized statement existed prior to the accident that caused the death of Mr. Brown and shows that the Trustee and HVAC contemplated that HVAC would act as general contractor.

Defendant's Exhibit No. 5, an invoice from Herndon Lumber and Millwork, shows that certain lumber materials were shipped to HVAC in September of 1988. Defendant's Exhibit No. 6 further demonstrates that certain construction materials were shipped to HVAC in September, 1988. The evidence shows that HVAC was procuring materials for the construction of this building prior to the accident and, therefore, was acting as the general contractor.

Mr. Fields, an officer of HVAC, testified that HVAC was acting as the general contractor, that HVAC paid a $14,000 bond that Fairfax County requires from all general contractors, and that HVAC had contacted the Algers and negotiated all subcontracts relevant to the property. This testimony provides further indications that HVAC was to be the general contractor on the construction site.

The fact that HVAC was acting as general contractor does not, in itself, bar Mr. Brown's claims. The defendants contend that so long as the employee is engaged in an activity requested by the employer, the

Workers' Compensation Act is applicable. But relying on *Feitig v. Chalkley*, 185 Va. 96, 38 S.E.2d 73 (1946), the Supreme Court said in *Whalen v. Dean Steel Erection Co.*, 229 Va. 164, 169, 327 S.E.2d 102, 105 (1985), that:

> [T]he facts of each case [must] be analyzed to determine whether the defendant in a common-law action was, *at the time of the plaintiff's injury*, a stranger to the work in which the *plaintiff* was engaged. If the defendant was "no stranger," then he was not an "other party" within Code § 65.1–41, and the common law action against him is barred by Code § 65.1–40 [emphasis supplied].

The implication is that the Workers' Compensation Act does not bar actions against defendants who are strangers to the work. *See, Hipp v. Sadler Materials Corp.*, 211 Va. 710, 180 S.E.2d 501 (1971); *Burroughs v. Walmont*, 210 Va. 98, 168 S.E.2d 107 (1969).

The cases cited by defendants in their briefs contain facts that would bar plaintiff from bringing a common law action. However, in those cases there was never an issue as to whether the plaintiff was engaged in the common activities of a general contractor or subcontractor. In each of those cases, the plaintiff and the plaintiff's employer were engaged in construction work, along with a subcontractor who was similarly engaged. Those cases dealt only with whether the *subcontractor's* activities were part of the trade of the general contractor and did not focus on the activities of the *plaintiff*, who clearly was engaged in construction activity. *See, Whalen v. Dean Steel Co.*, 229 Va. 164, 327 S.E.2d 102 (1985) (carpentry foreman injured while engaged in carpentry work); *Stewart v. Bass Construction Co.*, 223 Va. 363, 288 S.E.2d 489 (1982) (mechanic injured while supervising a crane's removal of an aerator); *Bosher v. Jamerson*, 207 Va. 539, 151 S.E.2d 375 (1966) (general contractor's employee injured while subcontractor was spreading sand for the foundation); *Rea, Adm'x v. Ford*, 198 Va. 172, 96 S.E.2d 92 (1957) (general contractor's employee killed while raising and placing steel trusses). Here, though, the analysis depends on the activities of the plaintiff.

On the day of the incident, the plaintiff and other HVAC employees were moving a large disassembled piece of free-standing steel shelving from the old HVAC warehouse and offices located in Springfield, Virginia, to the new facility then being built. HVAC desired the move and

enlisted Mr. Brown's aid. The move was made under the instruction and guidance of Mr. Fields and his brother, who was not employed by HVAC. At the time of the accident, Mr. Brown was involved in assembling the shelving.

This activity was not essential to the construction of the building and, in fact, is not consistent with plaintiff's normal construction-related employment; rather, it is a wholly unrelated task that is consistent with the actions of a lessee. In ordering the move, HVAC was pursuing its interests as lessee of the property. Based upon the evidence presented, the Court finds that the plaintiff was not engaged in a construction-type activity at the time of the accident but instead was engaged in another kind of activity for HVAC.

The Court finds that at the time of the accident, defendants Alger Brothers and Margaret Fields, Trustee[2], were strangers to the work in which Mr. Brown was engaged. *See, Whalen, supra, citing Feitig v. Chalkley*, 185 Va. 96, 38 S.E.2d 73 (1946). They therefore are outside of the Workers' Compensation Act and are subject to common law actions.

The Pleas in Bar are denied.

### November 9, 1992

This matter is before the Court on defendants' Motion to Reconsider and/or Clarification of the Court's Ruling of July 24, 1992. The Motion was filed by the defendants Lewis E. Alger, individually, Albert W. Alger, individually, and t/a Alger Brothers Construction Company (hereinafter "Algers"), and joined by the defendants Margaret Fields, trustee, Margaret Fields, individually, and Don Fields, individually (hereinafter "Fields"). Plaintiffs Edsel C. Brown and Janis K. Brown, coadministrators of the Estate of Ricky C. Brown, deceased (hereinafter "plaintiffs" or "Brown" when referring to the decedent) opposed the Motion. For the reasons set forth below, the Court grants the defendants' Motion to Reconsider.

The events giving rise to this case are fully detailed in the Court's letter opinion of July 24, 1992, and incorporated herein. The Court heard oral argument on this motion on August 28, 1992, took the

---

[2] Notwithstanding the language of the trust, the Trustee was not in the construction trade or business. The trust existed to develop a single property. The Trustee hired a general contractor to execute the construction work. The Court cannot find that the Trustee shared the same trade, business, or occupation as HVAC or the Algers.

matter under advisement, and requested additional briefing from the parties. After review of the pleadings, memoranda, oral argument of counsel, and the authorities submitted, the Court grants the Pleas in Bar of the Algers and the Fields.

I. *Defendants Lewis E. Alger, Jr., Individually, Albert W. Alger, Individually, and t/a Alger Brothers Construction Company*

The question raised by the Motion to Reconsider is whether the plaintiffs' common law action against the Algers is barred by the exclusive remedy provisions of the Virginia Workers' Compensation Act. At issue is whether the Algers were, at the time of the accident, statutory fellow employees or "other parties" under Virginia Code §§ 65.2–302, 65.2–307 and 65.2–309. As grounds for their motion, the Algers argue that the Court, in its letter opinion of July 24, 1992, focused on the activities of the injured employee at the time of the accident, rather than on the activities of the Algers and HVAC. The Algers claim that the correct analysis under Virginia law is to compare the Algers' activities or "trade, business or occupation" with that of the project owner or Brown's employer for purposes of determining "other" party status.

The Algers aver that Brown's employer, HVAC, was the general contractor on the job site involved with the renovation of the warehouse at the time of the accident and that the Algers were hired as subcontractors to install the roof at the warehouse for that project. The Algers claim that under the trade, business or occupation test, as subcontractors on the job site, they are immune from tort liability because they were in the same trade, business or occupation as HVAC at the time of Brown's accident.

The plaintiffs contend that the Algers can be sued in tort as "other" parties under the Workers' Compensation Act. The plaintiffs claim that the Algers were strangers to Brown's business at the time of his injury, and that the Algers were not in the same trade, business or occupation as HVAC, a heating and air conditioning business, when the accident occurred. The plaintiffs argue that HVAC's construction related activities were "de minimis" and, as such, cannot support a finding that the Algers were in the same trade, business or occupation as HVAC under Virginia law.

Upon reconsideration of its ruling as to the Algers' Plea in Bar, the Court rejects its adoption of the test focusing on the activities of the

employee at the time of the injury. The Court finds that the appropriate test under Virginia law is whether the defendants' activities constitute a part of the trade, business, or occupation of the owner or the plaintiff's employer. Therefore, the correct focus is whether the Algers' activities were part of the trade, business, or occupation of HVAC at the time of Brown's accident.

Under Virginia Code § 65.2–302, contractors, subcontractors, and all workers engaged in the trade, business, or occupation of the owner of a project are considered to be statutory fellow employees. *Evans v. Hook*, 239 Va. 127, 387 S.E.2d 777 (1990); *Smith v. Horn*, 232 Va. 309, 351 S.E.2d 14 (1986). Accordingly, any such worker injured in the course of his employment on the project is limited to the remedies provided under the Workers' Compensation Act. *Evans*, 239 Va. at 133.

In *Smith v. Horn*, for example, the Virginia Supreme Court found that:

> The purpose of the § 65.2–302 and related provisions of the Workers' Compensation Act is to bring within the operation of the Act all persons engaged in the work that is part of the trade, business, or occupation of the party who undertakes as owner or who contracts as contractor to perform the work, and to make liable to every employee engaged in the work every such owner, contractor, or subcontractor above such employee.

232 Va. at 305.

In addition, Virginia courts have limited the definition of "other" parties to entities who are strangers to the trade, business, or occupation of the work being done at the time of the accident. *Whalen v. Dean Steel Erection Co.*, 229 Va. 164, 327 S.E.2d 102, *appeal dismissed*, 474 U.S. 802 (1985); *Rea, Adm'x v. Ford*, 198 Va. 712, 96 S.E.2d 92 (1957).

The plaintiffs cite several cases in which the defendants were found to be strangers to the work. *See, e.g., Kramer v. Kramer*, 199 Va. 409, 100 S.E.2d 37 (1957); *Hipp v. Sadler Materials Corp.*, 211 Va. 710, 180 S.E.2d 501 (1971); *Burroughs v. Walmont, Inc.*, 210 Va. 98, 168 S.E.2d 107 (1969). However, these cases can be distinguished from the present case since they deal with defendants who were suppliers, materialmen, or deliverymen. Here, the Algers subcontracted with HVAC

to install the roof at the premises. The Algers were engaged in an essential component of the warehouse renovation, not merely supplying or transporting materials, *See, Bergen v. Fourth Skyline Corp.*, 501 F.2d 1174 (4th Cir. 1974).

In its prior opinion, the Court found that HVAC was the general contractor on the renovation project of the warehouse and had subcontracted with the Algers to install the roof at the premises. Further, the Court determined that part of HVAC's trade, business, and occupation involved construction-related activities. Accordingly, the Court finds that the Algers were engaged in the same trade, business, or occupation as HVAC, the general contractor and employer of Brown, at the time of the accident and, therefore, are protected under the Workers' Compensation Act. Based on the arguments presented, the applicable Virginia law, and previous factual determinations in this matter, the Court finds that the Algers' Plea in Bar must be granted.

II. *Defendants Margaret Fields, Trustee, Margaret Fields, Individually, and Don Fields, Individually*

The Court also has been asked to reconsider whether defendants Margaret and Don Fields, individually, and Margaret Fields, Trustee, were co-employees of Brown at the time of the accident in question and, thus, are protected from tort liability under the exclusive remedy provisions of the Virginia Workers' Compensation Act.

The Fields argue that the plaintiffs are relying on the "dual capacity" doctrine, a doctrine that has not been expressly adopted by Virginia and has been reluctantly accepted by only a few jurisdictions. The Fields claim that they were officers and directors of HVAC and were, in effect, fellow employees of Brown at the time of the accident.[3] In response, the plaintiffs argue that the Fields were the lessors and owners of the property where the accident occurred. In that capacity, the Fields had a duty to maintain a safe premises or work site.

The Court must determine whether the Fields can be held liable in tort for negligent maintenance of the warehouse where Brown was killed while helping his employer move shelving to the work site. The dual capacity doctrine allows an injured employee to maintain a tort action against the employer on the theory that the injury resulted from

---

[3] The record reveals that Don R. Fields is the president of HVAC and Margaret Faye Fields is the vice-president.

a breach of a duty owed by the employer to the employee separate from the duty arising from the employer-employee relationship. 23 A.L.R. 4th 1151, *Modern Status: Dual Capacity Doctrine As Basis For Employee's Recovery From Employer In Tort.* Employees seeking to hold their employers liable as owners or occupiers for failure to maintain safe premises have generally failed for the practical reason that:

> [a]n employer, as part of his business, will almost always own or occupy premises and maintain them as an integral part of conducting his business. If every action and function connected with maintaining the premises could ground a tort suit, the concept of exclusiveness of remedy would be reduced to nothingness.

2A *Larson's Workmen's Compensation Law*, § 72.80 *et seq.*

There does not appear to be any Virginia cases dealing directly with the "duty capacity" doctrine. *But see, White v. E. I. duPont de Nemours and Co.*, 523 F. Supp. 302 (W.D. Va. 1981). Several jurisdictions that have dealt with this issue have found that ownership of land does not in and of itself create a second legal entity subject to tort liability. *See, e.g., Sharp v. Gallagher*, 95 Ill. 2d 322, 447 N.E.2d 786 (1983); *Billy v. Consolidated Machine Tool Corp.*, 51 N.Y.2d 879, 412 N.E.2d 934 (1980). Further, while the premises at issue in most cases is the place of employment, several courts have extended the doctrine to include other properties owned by the employer that are not related to the employment. *See, e.g., Royster v. Montanez*, 134 Cal. App. 3d 362, 184 Cal. Rptr. 560 (1982); *Jansen v. Harmon*, 164 N.W.2d 323 (Iowa 1969).

In a case similar to the one at bar, the Indiana Court of Appeals in *Jackson v. Gibson*, 409 N.E.2d 1236 (Ind. App. 1980), held that an injured employee suing his fellow employee at common law was limited to recovery under the Indiana Workers' Compensation Act. The Defendant in *Jackson* was the president and sole shareholder of the corporate employer, the plaintiff's supervisor and, most importantly, the owner of the premises where the plaintiff was injured. *Id.* at 1237. As in the present case, the plaintiff employee in *Jackson* was injured in the course of his employment with his employer, Sun Realty, Inc., while performing his duties as a custodian in the building owned by defendant Gibson. *Id.* Like the Virginia Workers' Compensation Act, the Indiana Workers' Compensation Act limits the rights and remedies

of injured workers to the Act, unless the injury was caused by "some other person" than an employer or fellow employee. *Ind. Code* § 22–3–2–13. Because Jackson was not suing Sun Realty, his employer, but Gibson, the landowner, the court determined that it was not a "dual capacity situation." *Id.* at 1238. Instead, the court held that the defendant was supervising the employee's work and, as a "president-manager-director is within the group of persons conducting the business of the employer, the corporation . . . and not liable as landowner, a separate entity." *Id.*

In the present case, the Court agrees with the plaintiffs' argument that the dual capacity doctrine is not applicable to this case because the employer, HVAC, is not being sued. (See Plaintiffs' Memorandum of September 10, 1992, at page 5.) Rather, the Court is persuaded by the analysis in *Jackson,* where the court held that the plaintiff employee could not maintain an action against the defendant as a negligent landowner because he was also the plaintiff's fellow employee. *Id.*

The Court recognizes that the Virginia Workers' Compensation Act was created for the protection of workers and their dependents, and its fundamental goal is to afford compensation for accidental injuries arising out of the hazards of the employment. *Henderson v. Central Tel. Co.,* 233 Va. 377, 355 S.E.2d 596 (1987). The Act is the exclusive remedy for an employee seeking damages for injuries caused by fellow employees in a work-related accident in the course of his employment. *See generally, Feitig v. Chalkley,* 185 Va. 96, 38 S.E.2d 73 (1946); *Whalen v. Dean Steel Co.,* 229 Va. 164, 327 S.E.2d 102 (1985). Virginia cases interpreting the Workers' Compensation Act indicate that Virginia courts are protective of the rights, remedies, and immunities created by the Act. *See generally, Moore v. Finney,* 232 Va. 441, 350 S.E.2d 664 (1986); *Wilson & Co. v. Mathews,* 170 Va. 164, 195 S.E. 490 (1938). Although our courts have not specifically adopted or rejected the dual capacity doctrine, existing law does suggest that Virginia courts would not adopt a doctrine that would undermine the clear policy of the Act.

Based on the foregoing, the Court finds that the plaintiffs cannot maintain their action in tort against the Fields because the Fields were officers and directors of the employer and are immune under the exclusive remedy provisions of the Virginia Workers' Compensation Act. In accordance with the reasoning detailed above, the Court also finds that the action against defendant Margaret Fields, Trustee, cannot be

maintained because she is also Brown's fellow employee, notwithstanding the fact that she is the owner of the property where the accident occurred. Therefore, the Pleas in Bar of the Fields are granted.