

**FILED**

Apr 18 2019, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

David A. Anderson
Todd C. Peabody
Anderson & Associates, PC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Joseph P. Hunter
Muncie, Indiana

Storrs W. Downey
Jeffrey E. Kehl
Bryce Downey & Lenkov, LLC
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lora Brenner and Shawn Brenner, | April 18, 2019 |
| *Appellants-Plaintiffs,* | Court of Appeals Case No. 18A-CC-1342 |
| v. | Appeal from the Delaware Circuit Court |
| All Steel Carports, Inc., All Steel Carports and Buildings, LLC, Chavez Real Estate and Ignacio Chavez, | The Honorable John M. Feick, Judge |
| *Appellees-Defendants.* | Trial Court Cause No. 18C04-1612-CC-985 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellants-Plaintiffs, Lora and Shawn Brenner (collectively the Brenners), pursue this interlocutory appeal from the trial court's dismissal of their claims against Appellees-Defendants, Ignacio Chavez (Ignacio) and Chavez Real Estate.

We reverse and remand for further proceedings.

# ISSUE

The Brenners present us with four issues on appeal, which we consolidate and restate as: Whether the trial court improperly dismissed their claims against Ignacio and Chavez Real Estate.

# FACTS AND PROCEDURAL HISTORY

Lora was an employee of All Steel Carports, Inc., and All Steel Carports and Buildings, LLC, (collectively All Steel), whose business premises was located in Munice, Indiana. All Steel's business premises had been owned by Ignacio, but ownership of the real estate was transferred to Chavez Real Estate at some point prior to the instant litigation. Ignacio had been the president of All Steel Carports, Inc., since 2006 and of All Steel Carports and Buildings, LLC, since 2009. Lora was terminated from All Steel in July 2016.

On December 27, 2016, the Brenners filed a Complaint, which they amended once, against All Steel, Ignacio, and Chavez Real Estate, (collectively the Defendants), raising claims of negligence, gross negligence, wrongful

termination, and loss of consortium based on their allegations that Lora had been exposed to contaminants during her employ with All Steel which had made her ill. The Defendants moved the trial court to dismiss the Amended Complaint, arguing that the trial court lacked subject matter jurisdiction because all of the Brenners' claims, apart from the wrongful termination claim, were barred by the Worker's Compensation Act (WCA). On September 27, 2017, the trial court granted the Defendants' motion to dismiss without entering findings of fact or conclusions of law.

[6] On December 22, 2017, the Brenners filed their Second Amended Complaint against the Defendants in which they made the following relevant allegations:

> 3. [] Chavez Real Estate is a domestic Limited Liability Company. Said Defendant is the "owner" of the real estate in question.
>
> 4. [Ignacio,] located at 2200 N. Granville Ave[.], Muncie, Indiana, 47303, was the "former owner" of said real estate.
>
> * * * *
>
> 6. [Lora] was an employee of [All Steel] in Muncie, Indiana (herein "the Employers").
>
> 7. [Shawn] is married to Lora [] and has been at all relevant times relating to this lawsuit.
>
> 8. While working for the Defendant Employers and while on the Defendant owners' property, [Lora] was exposed to extreme amounts of dust, ground contaminants, pollutants and mold.

9. In 2016, Lora [] discovered that a significant amount of mold was present in the office building where she worked.

10. During her time working for the "Employers" on the "owner" and "former owner's" premises, Lora [] was exposed to mold and other toxins that were present in the structure and air and others that were introduced during a remodeling project on the premises. The structure and building she was working in is located at 22 N. Granville Ave., Muncie, Indiana, 47303.

11. She suffered severe illness from exposure to toxins, ground contaminants, pollutants, and mold present in the building.

(Appellants' App. Vol. II, p. 19). The Brenners further alleged that others employed by All Steel had become ill, Lora had ordered an environmental inspection of the All Steel business premises, and that All Steel had terminated her for allowing the inspection to take place. The Brenners also alleged that All Steel did not maintain worker's compensation insurance for Lora. The Brenners re-asserted their claims of negligence, gross negligence, and loss of consortium as to all the Defendants and re-asserted their claim of wrongful termination only as to All Steel. The Brenners sought the costs of Lora's medical treatment, lost wages, lost earning capacity, and punitive damages.

[7] On January 16, 2018, Chavez Real Estate answered the Second Amended Complaint. On February 2, 2018, All Steel and Ignacio answered the Brenners' Second Amended Complaint and raised the affirmative defenses that the Brenners had failed to state a claim upon which relief could be granted and the trial court lacked subject matter jurisdiction because the Worker's

Compensation Board had sole jurisdiction over their negligence, gross negligence, and loss of consortium claims. The Defendants also filed the Affidavit of Scott Boylan, the controller for All Steel, and attached verification that All Steel had worker's compensation insurance when the Brenners filed their original Complaint in 2016.

[8]     On February 7, 2018, All Steel and Ignacio filed a motion to dismiss with an accompanying memorandum, seeking the dismissal of all of the Brenners' claims, except that for wrongful termination, based on the previously-raised affirmative defenses. On April 2, 2018, Chavez Real Estate joined in All Steel's and Ignacio's motion. On April 3, 2018, the trial court heard argument on the Defendants' motion to dismiss, but no additional evidence was introduced. On April 4, 2018, Chavez Real Estate filed a response to the Brenners asserting that the Brenners were precluded from pursuing any third-party tort claims without first seeking relief under the WCA. On April 23, 2018, the trial court entered its Order granting the Defendants' motion to dismiss the Brenners' negligence, gross negligence, and loss of consortium claims. The trial court entered no findings of fact or conclusions of law.

[9]     On May 21, 2018, the Brenners sought leave of the trial court to pursue an interlocutory appeal of the trial court's Order dismissing their claims. On May 22, 2018, the trial court granted the Brenners' request. This court accepted jurisdiction over the Brenners' appeal on July 18, 2018.

[10]    The Brenners now appeal. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[11] The Brenners contend that the trial court had jurisdiction and, thus, improperly dismissed their claims against Ignacio and Chavez Real Estate.[1] In their motion to dismiss pleadings, Ignacio and Chavez Real Estate argued that the WCA provided the Brenners with their exclusive remedy, and they properly challenged the Brenners' claims through a motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1). *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001). We note that the trial court granted the motion to dismiss based upon the pleadings and without having an evidentiary hearing. We also note that the jurisdictional facts contained in the record are not in dispute. In such circumstances, we review *de novo* a trial court's decision to dismiss claims for lack of subject matter jurisdiction. *Id*.

## I. *The WCA*

[12] The WCA provides compensation to employees for accidental injuries which arise out of, and in the course of, employment. *Campbell v. Eckman/Freeman & Assocs.*, 670 N.E.2d 925, 930 (Ind. Ct. App. 1996), *trans. denied*; *see also* Ind. Code 22-3-2 *et seq*. According to the WCA's exclusive remedy provision,

> [t]he rights and remedies granted to an employee subject to IC 22-3-2 through IC 22-3-6 on account of personal injury or death by accident shall exclude all other rights and remedies of such

---

[1] The Brenners do not appeal the trial court's dismissal of their negligence, gross negligence, and loss of consortium claims against All Steel. The record does not reflect that the Brenners have filed a Worker's Compensation claim against All Steel.

employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 5-2-6.1.

I.C. § 22-3-2-6. Therefore, if an employee is injured in an accident arising out of, and in the course of, employment, he is entitled to compensation under the WCA, and the exclusive remedy provision precludes a trial court from hearing a common law action brought by the employee for the same injuries. *Campbell*, 670 N.E.2d at 930. It is the employer-employee relationship that defines the parameters of the immunity granted by the WCA's exclusive remedy provision. *Ross v. Schubert*, 180 Ind. App. 402, 407, 388 N.E.2d 623, 627 (Inc. Ct. App. 1979), *trans. denied*, *superseded by statute on other grounds*. "In enacting the [WCA], the legislature never manifested a desire to reach beyond the employment relationship and benefit a third party," and, thus, the WCA was "never intended to abridge the remedies an employee has in tort against a [t]hird party." *Id*. The right of an employee to pursue remedies in tort against a third party is embodied in Indiana Code section 22-3-2-13, titled "Claims against third persons; subrogation; procedures", which provides, in relevant part, that

> [w]henever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances *creating in some other person than the employer and not in the same employ* a legal liability to pay damages in respect thereto, *the injured employee, or the injured employee's dependents, in case of death, may commence legal proceedings against the other person* to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of

> or liability to pay compensation under chapters 2 through 6 of this article.

(Emphasis added). With this provision the WCA creates an exception to the exclusive remedy provision for actions to be brought against third parties, namely someone other than the employer or a fellow employee, in which legal liability was created by a WCA-compensable injury.

## II. *Ignacio*

[13] The Brenners contend that its claims against Ignacio were improperly dismissed because section 22-3-2-13 permitted them to proceed against Ignacio under a premises liability theory in his third-party capacity as the previous owner of the All Steel business premises. Ignacio counters that, as an officer of All Steel, he was immune from liability under the WCA's exclusive remedy provision. We addressed similar facts in *Jackson v. Gibson*, 409 N.E.2d 1236 (Ind. Ct. App. 1980), and so find the case instructive. Jackson was the custodian at Sun Realty Company and injured himself while performing his duties. *Id*. at 1236-37. Gibson was the president, director, and manager of Sun Realty as well as the owner of the building where Jackson injured himself. *Id*. at 1237. Jackson argued that Gibson, as the owner of the building where he was injured, was subject to suit under section 22-3-2-13 and brought a negligence action against Gibson based on a premises liability theory. *Id*. The trial court concluded that it lacked subject matter jurisdiction because Gibson and Jackson were both employed by Sun Realty and that Gibson could not be held liable except as provided for by the WCA. *Id*.

[14]     In affirming the trial court, this court noted the provisions of Indiana Code section 22-3-2-5 which provide immunity from personal suit to those persons "conducting [his] employer's business" and found that Gibson, who was supervising and directing Jackson's work, was conducting Sun Realty's business. *Id*. at 1238. We concluded that Gibson, therefore, could not be held liable as the landowner as a separate entity. *Id*. at 1238-39.

[15]     *Jackson* seems to suggest that an officer of a corporation make a showing that he was conducting his employer's business in order to come within the immunity granted to employees. However, Indiana Code section 22-3-6-1(b)(1) provides that, for purposes of the WCA, an "executive officer elected or appointed and empowered in accordance with the charter and bylaws of a corporation . . . is an employee of the corporation under IC 22-3-2 through IC 22-3-6." In addition, in *Rodgers v. Hembd*, 518 N.E.2d 1120 (Ind. Ct. App. 1988), *trans. denied*, after citing section 22-3-6-1(b)(1), this court held that "an officer of a corporation is an employee and is entitled to immunity under the fellow employee rule, regardless of his dual capacity[]," without any showing that the corporate officer in that case was actively conducting his employer's business. *Id*. at 1122-23.

[16]     Here, the undisputed evidence before the trial court was that Ignacio was the president of All Steel Carports, Inc. Following *Jackson* and *Rodgers*, and in light of section 22-3-6-1(b)(1), we conclude that Ignacio was an employee of All Steel Carports, Inc. Accordingly, as to All Steel Carports, Inc., Ignacio was not a third party for purposes of section 22-3-2-13.

[17] However, our inquiry does not end there. The Brenners also brought suit against All Steel Carports and Buildings, LLC, of which Ignacio was also president. All Steel Carports and Buildings is a limited liability company, not a corporation, and so Ignacio was not an employee of that entity by virtue of section 22-3-6-1(b)(1). The challenger of subject matter jurisdiction has the burden of establishing lack of jurisdiction. *GKN*, 744 N.E.2d at 404. Thus, following *Jackson*, Ignacio had the burden to produce some evidence that he acted as employee of All Steel Carports and Buildings, LLC, in order to be shielded by the immunity provided in sections 22-3-2-13 and 22-3-2-5. When a trial court relies solely on the pleadings in ruling on a motion to dismiss, we generally presume that the trial court was correct. *Jennings v. St. Vincent Hosp. & Health Care Center*, 832 N.E.2d 1044, 1050 (Ind. Ct. App. 2005), *trans. denied*. However, nothing in the pleadings filed in the trial court established that Ignacio acted as an employee for All Steel Carports and Buildings, LLC, in addition to holding the title of president of that entity.

[18] Ignacio argues that the Brenners essentially invoke the "dual-capacity" doctrine, under which a plaintiff seeks to sue an employer on a theory outside of the employer-employee relationship. Ignacio correctly points out that Indiana has rejected this doctrine. *See Procare Rehab Servs. of Community Hosp. v. Vitatoe*, 888 N.E.2d 349, 355 (Ind. Ct. App. 2008). However, because we have determined that it was not established that Ignacio was acting as an employee of All Steel Carports and Buildings, LLC, this is not a "dual-capacity" scenario as to the limited liability company. All Steel Carports and Buildings, LLC, did

not own the business premises, and Lora is suing Ignacio as the former landowner. Thus, in this case, there are two different entities. We conclude that Ignacio's status as president of All Steel Carports and Buildings, LLC, did not shield him from direct suit and that the Brenners are permitted to proceed against him as a third party under section 22-3-2-13.

## II. *Chavez Real Estate*

### A. *Employer-Employee Relationship*

[19] The Brenners also argue that they had authority to sue Chavez Real Estate as a third party pursuant to section 22-3-2-13. Chavez Real Estate counters that Lora was an employee of Chavez Real Estate, and so her exclusive remedy against it was through a WCA claim. The employer bears the burden to establish lack of jurisdiction unless the plaintiff's complaint demonstrates facts establishing the employment relationship. *GNK*, 744 N.E.2d at 404. Chavez Real Estate contends that "the Brenner's [sic] pleadings establish that Lora Brenner was an employee of Chavez Real Estate." (Chavez Real Estate's Br. p. 16). In support of that contention, Chavez Real Estate argues, without citation to the record, that All Steel Carports, Inc., All Steel Carports and Buildings, LLC, and Chavez Real Estate all have the same address, the same registered agent, and the same owner, Ignacio. However, even if we were to assume those facts were relevant, our examination of the pleadings before the trial court, namely the Second Amended Complaint, the Answers filed by the parties, and the dismissal motion filings, did not reveal the address for Chavez Real Estate, the identity of the registered agents of any of those entities, or that Ignacio

owned all of the named entities. Chavez Real Estate also contends that the Brenners' averment in their Complaint that "[c]ommunicating with other companies and scheduling of such tasks was a routine part of Ms. Brenner's job" established that she worked for Chavez Real Estate. (Appellant's App. Vol. II, p. 20). However, the Brenners maintained throughout their Complaint that Lora was an employee of All Steel, not Chavez Real Estate, and so there is no basis in the remainder of the Complaint for linking the cited reference to "job" to Chavez Real Estate. Because the Complaint did not establish an employer-employee relationship, the burden to do so remained on Chavez Real Estate.

[20] Inasmuch as Chavez Real Estate argues that Lora was employed by both it and All Steel, under the WCA, it is possible for an employee to simultaneously have two employers. *See* I.C. § 22-3-3-31. For purposes of the WCA, an employee is

> every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation, or profession of the employer.

I.C. § 22-3-6-1(b). In addition, this court uses the seven-factor test set forth by our supreme court in *Hale v. Kemp*, 579 N.E.2d 63 (Ind. 1991), to determine if an employer-employee relationship has been established. *See Jennings*, 832 N.E.2d at 1050-51 (applying the *Hale* factors). The *Hale* factors are:

> (1) the right to discharge; (2) mode of payment; (3) supplying tools or equipment; (4) belief of the parties in the existence of an employer-employee relationship; (5) control over the means used in the results

reached; (6) length of employment; and (7) establishment of the work boundaries.

*Id.*

[21] Here, there was no evidence contained in the relevant pleadings as to any of these factors which would establish that Lora was also employed by Chavez Real Estate. We conclude that Chavez Real Estate did not carry its burden to show that it was shielded from suit by the exclusive remedy provision of the WCA.

### B. *WCA Claim as Co-requisite to Third-Party Suit*

[22] Lastly, in what appears to be a novel legal argument, Chavez Real Estate contends that the Brenners were required to pursue a WCA claim against her employer "in concert" with any third-party suit. (Chavez Real Estate's Br. p. 15). Before turning to the merits of this argument, we pause to note that, on appeal, the Brenners contend that, "[i]n the present case, a worker's compensation action is being pursued against Ms. Brenner's employer and . . . remains unresolved at this time." (Appellants' Br. pp. 12-13). We agree with Chavez Real Estate that there was nothing in the pleadings before the trial court that established that the Brenners had pursued a WCA claim against All Steel, and so we assume for purposes of our analysis that the Brenners have not done so.

[23] The Brenners and Chavez Real Estate both claim that section 22-3-2-13 supports their position, and so we must examine the statute. When we are faced with a question of statutory interpretation, we must first determine

whether the language of the statute is clear and unambiguous. *Smith v. Champion Trucking Co.*, 925 N.E.2d 362, 365 (Ind. 2010). We will construe a statute only if there is some ambiguity which requires construction. *Id.* As with any statute, when we construe the WCA, the cardinal principle is to ascertain and give effect to the legislature's intent. *Ross*, 180 Ind. App. at 405, 388 N.E.2d at 626. The remedies provided in the WCA are in derogation of the common law, and as such, they are strictly construed against limitations on a claimant's right to bring suit. *Campbell*, 670 N.E.2d at 931.

[24] As noted above, section 22-3-2-13, authorizes an employee to pursue a direct suit against a third-party tortfeasor. It also contains elaborate subrogation procedures applicable in the event that an employer or its insurance carrier has paid for or is liable for payment for an injury. Neither party directs us to any express language in the statute that supports its position, and our examination of the WCA as a whole, and section 22-3-2-13 in particular, does not reveal that the statute has any express provisions on the subject of whether an employee must pursue a WCA claim against her employer prior to bringing suit against a third party.

[25] Neither the Brenners nor Chavez Real Estate argues that section 22-3-2-13 is ambiguous. However, we find that section 22-3-2-13's provision that an employee may bring suit against a third-party tortfeasor "[w]henever an injury or death, for which compensation is payable under chapters 2 through 6 of this article, shall have been sustained" is ambiguous, in that the phrase "is payable under chapters 2 through 6 of this article" is reasonably subject to two different

interpretations. The phrase could be understood to mean "is due", from which it would be inferred that a WCA claim must be pursued prior to third-party suit, or it could be understood to mean "is potentially to be paid," from which it could be inferred that a WCA claim was not required to be filed before pursuit of third-party litigation. Given the lack of express terms in the statute on the subject, the ambiguity present in the statute's wording, and our obligation to construe the WCA strictly against limitations on a claimant's right to bring suit, we hold that an employee is not required to file a WCA claim against her employer prior to pursuing litigation against a third-party tortfeasor. As such, the Brenners were not precluded from initiating suit against Chavez Real Estate by their failure to first file a WCA claim against All Steel.

## CONCLUSION

Based on the foregoing, we conclude that Ignacio and Chavez Real Estate failed to established lack of subject matter jurisdiction, and, therefore, the trial court improperly dismissed the Brenners' claims against Ignacio and Chavez Real Estate.

Reversed and remanded for further proceedings.

Bailey, J. and Pyle, J. concur