

I N   T H E

# Court of Appeals of Indiana

Johnny W. Brown,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED
May 10 2024, 8:45 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

May 10, 2024

Court of Appeals Case No.
23A-CR-330

Appeal from the Marion Superior Court

The Honorable Barbara Crawford, Senior Judge

Trial Court Cause No.
49D28-2003-FC-9524

---

**Opinion by Judge May**
Judges Bailey and Felix concur.

**May, Judge.**

[1] Johnny W. Brown appeals following his conviction of Class C felony child molesting.[1] Brown raises three issues on appeal, but we find one dispositive. We revise and restate that issue as whether retroactive application of a statute intended to cure a jurisdictional gap violates the ex post facto clause of the United States Constitution when the jurisdictional gap prevented the State from prosecuting the defendant for the alleged criminal act before the General Assembly enacted the statute. We reverse and remand.

## Facts and Procedural History

[2] On August 26, 2019, the day before Brown turned twenty-one years old, the State filed a delinquency petition in Case Number 49D09-1908-JD-1023 in the Marion Superior Court Juvenile Division alleging that between June 1, 2015, and August 31, 2016, Brown committed an act that would be Level 4 felony child molesting[2] if committed by an adult. (*See* Appellant's App. Vol. 2 at 20-24.) On September 19, 2019, Brown filed an objection to the juvenile court's exercise of subject matter and personal jurisdiction and moved for discharge of the State's petition. The juvenile court held argument on Brown's motion, and the court issued an order denying Brown's motion on December 2, 2019. Brown requested leave to file an interlocutory appeal, but the juvenile court denied his motion.

---

[1] Ind. Code § 35-42-4-3(b) (2007).

[2] Ind. Code § 35-42-4-3(b) (2014).

On December 19, 2019, the State filed a motion pursuant to Indiana Code section 31-30-3-2 and Indiana Code section 31-30-3-5 for the court to waive juvenile jurisdiction. In its motion, the State asserted:

> 4. That said alleged offense(s) is/are heinous or aggravated.
>
> 5. That said alleged offense(s) is/are part of a repetitive pattern of delinquent acts . . .
>
> * * * * *
>
> 11. That said child was at least sixteen (16) years of age at the time of the alleged offense(s).
>
> 12. State argues it would not be in the best interests of said child and of the safety and welfare of the community for said child to remain within the juvenile justice system.

(App. Vol. 2 at 94-95.) The juvenile court held a hearing on the State's motion on March 2, 2020, and subsequently granted the State's motion.

On March 6, 2020, the State filed an information in the Marion Superior Court Criminal Division alleging that between July 1, 2013, and June 30, 2014, Brown committed Class C felony child molesting or that between July 1, 2014, and June 30, 2015, he committed Level 4 felony child molesting.[3] The State

---

[3] The State never alleged that Brown committed more than one act of child molestation. The State initially divided the charges because the victim was uncertain about the exact date of the offense and the potential timespan included a period spanning both before and after the 2014 revision of the criminal code took effect.

later amended the charging information to allege only that Brown committed Class C felony child molesting between July 1, 2013, and February 28, 2016.[4] The criminal court held a jury trial beginning on November 14, 2022, and the jury returned a verdict finding Brown guilty.

[5]     On December 15, 2022, Brown filed a motion to correct error challenging the criminal court's jurisdiction. Brown asserted that his case fell "within an indeterminate and undefined jurisdiction gap between juvenile and adult jurisdiction." (App. Vol. 3 at 3.) He argued that, because he was over twenty-one years old on the date of the waiver hearing, the juvenile court lacked subject matter jurisdiction. As a result, Brown contended, the criminal court never acquired jurisdiction over him, and he asked the criminal court to dismiss the case. The State filed a response to Brown's motion to correct error on January 13, 2023, and the criminal court held argument on Brown's motion to correct error on January 20, 2023. The criminal court denied Brown's motion and then held his sentencing hearing. The criminal court sentenced Brown to a

---

[4] The State's amended charging information is unusual because prior to July 1, 2014, the criminal code divided felony offenses into four classes, and after July 1, 2014, the criminal code divided felony offenses into six levels. In its motion to amend the charging information, the State explained:

> The State is moving to amend the charging information to consolidate into one count. The time line of this case spans across the 2014 code change. Therefore, the State has agreed to only ask for the C Felony conviction since the evidence cannot say whether it happened before or after 2014 and the credit time would benefit the defendant as opposed to it being a level 4 felony.

(App. Vol. 2 at 168.) Nonetheless, given the outcome of this appeal, we need not address the propriety of the State's decision to charge Brown with a Class C felony when the offense date was potentially after July 1, 2014.

term of four years. The criminal court gave Brown credit for time served and suspended the remainder of his sentence to probation.

## Discussion and Decision

[6] Brown asserts the juvenile court lost subject matter jurisdiction when he turned twenty-one years old and, therefore, the juvenile court lacked the authority to transfer his case to the criminal court. Brown initially challenged the juvenile court's jurisdiction before the juvenile court, and he renewed his jurisdictional challenge through a motion to correct error filed after his trial in criminal court. "Lack of subject matter jurisdiction can be raised at any time[.]" *B.P. Amoco Corp. v. Szymanski*, 808 N.E.2d 683, 686 (Ind. Ct. App. 2004), *reh'g denied*, *trans. denied*. Our standard of review following the denial of a motion to dismiss for lack of subject matter jurisdiction depends upon what occurred before the trial court:

> That is, the standard of review is dependent upon: (i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a paper record. If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. Under those circumstances no deference is afforded the trial court's conclusion because appellate courts independently, and without the slightest deference to the trial court determination, evaluate those issues they deem to be questions of law.

*Scheub v. Van Kalker Fam. Ltd. P'ship*, 991 N.E.2d 952, 956 (Ind. Ct. App. 2013) (internal citations omitted). Here, the trial court was not required to resolve

any disputed jurisdictional facts, and therefore, our standard of review is de novo. *See, e.g.*, *Terry v. Cmty. Health Network, Inc.*, 17 N.E.3d 389, 392 (Ind. Ct. App. 2014) (reviewing dismissal for lack of subject matter jurisdiction under de novo standard because the facts were not in dispute and the only question was application of law to the facts).

[7] "A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the trial court's power to act. Actions taken by a court lacking jurisdiction are void." *Hood's Gardens, Inc. v. Young*, 976 N.E.2d 80, 83 (Ind. Ct. App. 2012) (internal citation omitted). "The challenger of subject matter jurisdiction has the burden of establishing lack of jurisdiction." *Brenner v. All Steel Carports, Inc.*, 122 N.E.3d 872, 878 (Ind. Ct. App. 2019). Brown contends the juvenile court lost subject matter jurisdiction over his case when he turned twenty-one. He likens his case to the facts underlying our Indiana Supreme Court's opinion in *D.P. v. State*, 151 N.E.3d 1210 (Ind. 2020).

[8] In *D.P.*, our Indiana Supreme Court consolidated two appeals that "present[ed] strikingly similar facts and concern[ed] a single issue: a juvenile court's ability to waive an individual who is twenty-one or older into adult criminal court." *Id*. at 1212. In the first case, the State filed a petition in January 2019 in juvenile court against D.P., who was then twenty-three years old, alleging that when D.P. was sixteen years old he committed an act that would be Class B

felony child molesting[5] if committed by an adult. *Id.* In the other case, the State filed a petition against N.B., who was then twenty-one years old, alleging that when he was between the ages of twelve and fifteen, he committed an act that would be Class B felony child molesting if committed by an adult. *Id.* In both cases, the State filed a motion asking the juvenile court to waive jurisdiction and transfer the matter to adult criminal court. *Id.* D.P. moved to dismiss the delinquency petition and argued the juvenile court lacked subject matter jurisdiction. *Id.* The juvenile court denied D.P.'s petition, and D.P. pursued an interlocutory appeal. *Id.* N.B. also moved to dismiss the delinquency petition based on the juvenile court's lack of subject matter jurisdiction. *Id.* The juvenile court granted N.B.'s petition, and the State appealed. *Id.* at 1212-13.

[9] Our Indiana Supreme Court explained that juvenile courts possess limited subject matter jurisdiction and may exercise jurisdiction over cases only when permitted by statute. *Id.* at 1213. The Court noted that "a juvenile court has 'exclusive' subject matter jurisdiction over proceedings in which a 'child' is alleged to be delinquent." *Id.* (quoting Ind. Code § 31-30-1-1(1) (2020)). The Court then observed:

> The term "child" for juvenile law purposes, is defined as (1) a person less than eighteen; (2) a person eighteen, nineteen, or twenty and who either is charged with a delinquent act

---

[5] Ind. Code 35-42-4-3(a) (2007).

committed before the age of eighteen or has been adjudicated a child in need of services before eighteen; or (3) a person less than twenty-one and who has allegedly committed what would be murder when less than eighteen.

*Id*. at 1213-14 (quoting Ind. Code § 31-9-2-13(d) (2019)). The Court explained that "a juvenile court does not have subject matter jurisdiction to adjudicate individuals who are twenty-one or older, like D.P. and N.B., delinquent." *Id*. at 1214. The Court then moved on to the related question of whether the juvenile court still possessed the limited authority to waive D.P. and N.B. into adult criminal court. *Id*. The Court looked to Indiana Code sections 31-30-3-5 (2014) and 31-30-3-6 (1997), the two statutes authorizing juvenile court waiver into adult criminal court, and noted that the waiver statutes applied only if the alleged offender is a "child." *Id*. at 1216. The Court then held that the juvenile courts lacked subject matter jurisdiction to waive D.P. and N.B. into adult criminal court "because neither fit the definition of a 'child' at the time their respective delinquency petitions were filed." *Id*. at 1217.

[10] Two years later, our Indiana Supreme Court reiterated its holding in *D.P.* and addressed the question of whether the State could file charges directly in criminal court if the State did not learn of the alleged molestation until after the alleged offender turned twenty-one:

> In 2020, we held juvenile courts lose jurisdiction once an alleged delinquent child reaches twenty-one years of age. But we left open the question whether the State can file criminal charges against a person who committed the charged conduct before turning eighteen but is no longer a child under the juvenile code.

> Under the governing statutes, a child's delinquent act does not ripen into a crime when the child ages out of the juvenile system. The result is that neither the juvenile court nor the circuit court has jurisdiction here. In short, this case falls within a jurisdictional gap only the legislature can close.

*State v. Neukam*, 189 N.E.3d 152, 152-53 (Ind. 2022).

[11] Brown was over the age of twenty-one when the juvenile court held an evidentiary hearing regarding whether to waive Brown to adult criminal court. Brown was born on August 27, 1998, and the State filed its delinquency petition against Brown on August 26, 2019, the day before Brown turned twenty-one. The waiver hearing occurred on March 2, 2020. Pursuant to the waiver and jurisdiction statutes in effect at the time of Brown's waiver hearing, Brown fell into the jurisdictional gap described in *D.P.* and *Neukam*. Neither the juvenile court nor the adult criminal court possessed jurisdiction to try Brown when he was twenty-one for an alleged act of child molestation that occurred when Brown was between fourteen and seventeen years old. *See*, *e.g.*, *State v. Pemberton*, 186 N.E.3d 647, 655 (Ind. Ct. App. 2022) (holding neither juvenile court nor adult criminal court had jurisdiction over twenty-three-year-old defendant for alleged act of child molestation that occurred when defendant was sixteen), *trans. denied*.

[12] Despite this jurisdictional gap, the State contends legislative amendments to Indiana Code section 31-30-1-4 and Indiana Code section 31-37-1-2, which became effective on July 1, 2023, apply retroactively, to allow the criminal court to exercise jurisdiction over Brown. During the 2023 legislative session,

the General Assembly enacted Public Law 115-2023. Section seven of Public Law 115-2023 amended Indiana Code section 31-30-1-4 to include a subsection (d), which states:

> (d) A court having adult criminal jurisdiction, and not a juvenile court, has jurisdiction over a person who is at least twenty-one (21) years of age for an alleged offense:
>
> > (1) committed while the person was a child; and
> >
> > (2) that could have been waived under IC 31-30-3.

Section nine of Public Law 115-2023 modified Indiana Code section 31-37-1-2 to provide:

> A child commits a delinquent act if, before becoming eighteen (18) years of age, the child commits a misdemeanor or felony offense, except for an act committed by a person over which the juvenile court lacks jurisdiction under IC 31-30-1.

Thus, under the amended statutes, the State may file charges directly in an adult criminal court against an individual who is over twenty-one years old for acts the individual committed before turning eighteen years old if the juvenile court could have waived jurisdiction over the individual had the State brought the charges while the individual was still under twenty-one years old.

[13] "Absent explicit language to the contrary, statutes generally do not apply retroactively. But there is a well-established exception for remedial statutes." *N.G. v. State*, 148 N.E.3d 971, 973 (Ind. 2020) (internal citation omitted). A

remedial statute is one that cures a defect or mischief in the prior law. *Id*. Nevertheless, even when the General Assembly passes a remedial statute, "retroactivity is permissive, not mandatory." *Id*. "[W]e employ a two-step analysis to determine whether an otherwise prospective statute applies retroactively. We first decide whether the relevant law is remedial. If so, we then consider whether retroactive application would effectuate the statute's legislative purpose." *Id*. at 974. If the statute's legislative purpose is served by retroactive application of the statute, a strong and compelling reason exists to apply the statute retroactively. *Id*. We will therefore apply it retroactively unless doing so would violate a vested right or constitutional guaranty. *Id*. at 974 n.1.

[14] The State asserts that the July 1, 2023, amendments to Indiana Code section 31-30-1-4 and Indiana Code section 31-37-1-2 were remedial in nature because they were intended to cure "the jurisdictional gap . . . whereby some serious violations of the criminal law, including murder and child molesting, could not be prosecuted in any court even though the crimes were discovered before the statute of limitations for the crimes had expired." (Appellee's Br. at 16.) The State also argues that retroactive application will serve the statute's legislative purpose because retroactive application will prevent "some juvenile offenders, through the luck of the draw," from escaping liability. (*Id*. at 19.) In addition, the State contends that "giving retroactive effect to the amended statutes would not violate a vested right or constitutional guarantee." (*Id*. at 20.)

[15] In response, Brown asserts that retroactive application of the amended statutes violates his federal constitutional guarantee to be free of ex post facto laws. Article 1, section 10 of the United States Constitution states: "No State shall . . . pass any . . . ex post facto law[.]"  Brown directs us to the United States Supreme Court's discussion of this constitutional provision in *Stogner v. California*, 123 S. Ct. 2446 (2003).  *Stogner* concerned a law California passed in 1993 that allowed the State to prosecute individuals for child sex abuse crimes "where '[t]he limitation period specified in [prior statutes of limitations] has expired'—provided that (1) a victim has reported an allegation of abuse to the police, (2) 'there is independent evidence that clearly and convincingly corroborates the victim's allegation,' and (3) the prosecution is begun within one year of the victim's report."  *Id*. at 2449 (brackets in original) (quoting Cal. Penal Code § 803(g) (2003)).

[16] In 1998, California charged Marion Stogner with two counts of lewd acts against a child.  *Id*.  California alleged that the acts occurred between 1955 and 1973.  *Id*.  The statute of limitations period at the time the crimes were allegedly committed was three years, but California did not initiate its prosecution of Stogner until decades after the crimes were alleged to have been committed.  *Id*. Stogner argued his prosecution violated the United States Constitution's prohibition against ex post facto laws.  *Id*.

[17] In evaluating Stogner's challenge, the United States Supreme Court noted that the ex post facto clause was enacted to counteract certain abuses by the English Parliament during the colonial era, including inflicting punishment on a person

when the person was not previously liable to any punishment or inflicting a greater punishment than the law assigned at the time the offense was committed. *Id*. at 2450. Ultimately, the Court held that the 1993 law as applied to Stogner violated the United States Constitution's prohibition against ex post facto laws. *Id*. at 2461. The Court explained:

> After (but not before) the original statute of limitations had expired, a party such as Stogner was not 'liable to any punishment.' California's new statute therefore 'aggravated' Stogner's alleged crime, or made it 'greater than it was, when committed,' in the sense that, and to the extent that, it 'inflicted punishment' for past criminal conduct that (when the new law was enacted) did not trigger any such liability.

*Id*. at 2451 (quoting *Calder v. Bull*, 3 Dall. 386, 389-90 (1798)). The Court further observed that "to resurrect a prosecution after the relevant statute of limitations has expired is to eliminate a currently existing conclusive presumption forbidding prosecution, and thereby to permit conviction on a quantum of evidence where that quantum, at the time the new law is enacted, would have been legally insufficient." *Id*. at 2452.

[18] Brown argues that "[o]nce Brown turned twenty-one (2019) and had not been waived to adult criminal court, he no longer faced liability for any punishment for an act of child molest he is alleged to have committed while still a child." (Appellant's Reply Br. at 8.) Thus, Brown argues, if the 2023 amendments were to retroactively apply to him, it "would create liability where none existed when the new law was enacted, and thus would violate . . . the federal ex post

facto clause." (*Id.*) We agree. As we explained above, the juvenile court lost jurisdiction when Brown turned twenty-one, and the criminal court lacked jurisdiction at that time to try Brown for behavior that he allegedly committed as a juvenile. Therefore, just as Stogner was free of criminal liability after the statute of limitations period expired, Brown was free of liability when he turned twenty-one because no court possessed jurisdiction. Retroactive application of the 2023 amendments would impose punishment on Brown for an act for which he was not subject to punishment when the amendments were enacted, and this is prohibited by the United States Constitution.[6] *See Stogner*, 123 S. Ct. at 2461; *see also Swopshire v. State*, 177 N.E.3d 98, 104-05 (Ind. Ct. App. 2021) (holding State could not revive time barred prosecution through retroactive application of a statute that extended the statute of limitations period), *trans. denied*. We therefore reverse Brown's conviction and remand with instructions for the trial court to dismiss the case. *See, e.g.*, *K.C.G. v. State*, 156 N.E.3d 1281, 1285 (Ind. 2020) (vacating juvenile delinquency adjudication and remanding with instructions for juvenile court to dismiss case because of a lack of subject matter jurisdiction).

---

[6] Brown also asserts that retroactive application of the 2023 amendments violates the Indiana Constitution. *See* Ind. Cost. Art. I, § 24 ("No *ex post facto* law . . . shall ever be passed."). However, because we conclude that retroactive application of the amendments is prohibited by the United States Constitution, we need not decide whether the application also violates our state constitution. *See, e.g.*, *Westmoreland v. State*, 965 N.E.2d 163, 165 (Ind. Ct. App. 2012) (addressing only the federal constitutional argument because it was dispositive).

## Conclusion

When Brown turned twenty-one years old, his case fell into the jurisdictional gap our Indiana Supreme Court identified in *D.P.* and *Neukam*. While statutes that became effective on July 1, 2023, cured this jurisdictional gap, retroactive application of these statutes to Brown would violate his right under the United States Constitution to be free of ex post facto laws. Therefore, we reverse Brown's conviction and remand with instructions for the trial court to dismiss.

Reversed and remanded.

Bailey, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

Jan B. Berg
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana